**LEUNG GIM, Appellant,**

v.

**Herbert R. BROWNELL, Jr., et al.,**
Appellees.
No. 14971.

United States Court of Appeals
Ninth Circuit.

Oct. 30, 1956.

Salvatore C. J. Fusco, San Francisco, Cal., for appellant.

Lloyd H. Burke, U. S. Atty., Charles Elmer Collett, Asst. U. S. Atty., San Francisco, Cal., for appellees.

Before LEMMON, FEE, and CHAMBERS, Circuit Judges.

PER CURIAM.

This controversy has been · twice decided by the District Court.

In the first case, No. 31,583, the appellant, the alleged father of four named children, asked the Court to declare that he is their natural and legal father, and that they be accorded all the rights of children of an American citizen. He appealed to the jurisdiction of the Court under Public Law 271, of the 79th Congress, 59 Stat. 659, 8 U.S.C.A. § 232, and to the general equity powers of the Court. Oliver J. Carter, District Judge, tried the first case.

Evidence at the first trial showed that the four named children applied for admission under Public Law 271, supra, at the Port of San Francisco on October 14, 1947. After a hearing before a Board of Special Inquiry they were ordered excluded because of their inability to establish their claimed relationship. The Memorandum and Order of the District Judge, dated June 14, 1954, recited that the exclusion order was affirmed by the Board of Immigration Appeals.

The children were duly excluded and deported from the United States, on the ground that they were not the appellant's natural and legal children.

In the first case, the Attorney General of the United States, the defendant named therein, filed a motion to dismiss, on the ground *inter alia,* that the Court lacked jurisdiction of the case. The Court held that the motion was well taken, and dismissed the complaint. The records of the District Court show that no appeal was taken.

In the second case, now before us on appeal, the complaint contains substantially identical allegations and prayer. *It is significant that the second complaint makes not the slightest mention of the first,* or of any *judicial* proceedings thereunder. The appellant's brief before this Court similarly maintains a stony silence on the subject.

The second complaint was filed on May 3, 1955. On August 22, 1955, District Judge Goodman made an order dismissing the complaint and action.

We hold that the cause is *res judicata,* since the appellant, having failed to appeal the first action, has filed a second complaint urging the same claims as a new cause of action. See United States v. California & Oregon Land Co. (miscited by the appellee as "United States v. California"), 192 U.S. 355, 357–359, 24 S.Ct. 266, 48 L.Ed. 476; Baltimore S. S. Co. v. Phillips, 274 U.S. 316, 319–322, 47 S.Ct. 600, 71 L.Ed. 1069.

In this connection, we feel constrained to admonish counsel for the appellee regarding several other inaccuracies and omissions in his brief. In the final paragraph, he twice uses "No. 34615" when he is obviously referring to the *first* District court case, which was No. 31,583. No. 34,615 is the second District Court case, which is the subject of the present appeal. In the same final paragraph, the

part of Judge Carter's opinion that "afforded plaintiff, appellant herein, full opportunity to direct the court's attention to some authority", is cited as appearing at "Tr. p. 2." The correct citation is "p. 12". Finally, nowhere are reading pages given for cited cases. Such flaws, minor when considered individually, in their aggregate appreciably increase the labors of this Court.

The complaint did not state a claim upon which relief could be granted and therefore the motion to dismiss was properly granted.

Appeal dismissed.