Norman P. MAMBER, Plaintiff,

v.

**SECOND FEDERAL SAVINGS AND LOAN ASSOCIATION OF BOSTON, Defendant.**

Civ. A. No. 67–728–G.

United States District Court
D. Massachusetts.

Nov. 14, 1967.

Joseph Cohen and Jordan L. Ring, Boston, Mass., for plaintiff.

Carlton W. Spencer, Arthur Ricci and Douglass B. Auer, Boston, Mass., for defendant.

## MEMORANDUM AND ORDER DISMISSING COMPLAINT

GARRITY, District Judge.

This is an action by a member of a federal savings and loan association to compel the defendant association to permit him to inspect a list of all its members with a view to communicating with them before the next annual meeting, scheduled for January 15, 1968. The complaint alleges that the defendant was incorporated under section 5 of the Home Owners Loan Act of 1933, as amended, 12 U.S.C. § 1464, and that, by reason of having a savings account in the defendant association, the plaintiff is a member entitled to information about the names, addresses and number of shares of other members. The case came before the court on a motion by the defendant to dismiss on the ground that the complaint fails to state a claim upon which relief can be granted, in that the plaintiff is not the real party in interest, and a motion by the plaintiff under Rule 17(a), Fed.R.Civ.P., to substitute three other persons as plaintiffs in his stead.[1] Briefs were filed and a hearing held.

■■ The court does not reach the basic issue presented by the parties' motions, whether or not the cause of action stated by the plaintiff is personal to him and one in which others may not be real parties in interest, cf. Schwartz v. Metropolitan Life Ins. Co., D.Mass., 1941, 2 F.R.D. 167, for the reason that jurisdiction over the subject matter is lacking. The complaint contains no statement of the grounds upon which the court's jurisdiction depends, in violation of Rule 8(a) (1), Fed.R.Civ.P. Upon this ground alone, the complaint is fatally defective. Ivey v. Frost, 8 Cir., 1965, 346 F.2d 115. See 2A, Moore, Federal Practice, 2d ed. 1967, § 8.07. Nor do jurisdictional prerequisites appear anywhere in the complaint. Both parties reside in Massachusetts. No reference is made to the amount in controversy[2] nor to any particular statutory grant of jurisdiction. Jurisdiction does not result from the defendant's incorporation under an Act of Congress. 28 U.S.C. § 1349. Austin v. Altman, 2 Cir., 1964, 332 F.2d 273, 275–276. The plaintiff relies heavily on Durnin v. Allentown Federal Savings and Loan Assn., E.D.Pa., 1963, 218 F. Supp. 716, in which the court denied a motion to dismiss a suit by a member of a savings and loan association seeking the same relief sought by the plaintiff here. But the question of jurisdiction was not discussed in that case and, so far as appears, valid jurisdictional grounds may have been alleged.

■ No special jurisdictional statute is relevant. The Home Owners Loan Act of 1933, 12 U.S.C. §§ 1461–1468, is not an act regulating commerce such as might make applicable the jurisdictional provisions of 28 U.S.C. § 1337. Rather it rests upon Congress' power to tax and make appropriations for the general welfare by virtue of clause 1 of Art. I, § 8, of the Constitution of the United States, First Federal Savings & Loan Assn. of Wisconsin v. Loomis, 7 Cir., 1938, 97 F.2d 831, 836–839, 121 A.L.R. 99.

Accordingly, the complaint is dismissed for lack of jurisdiction over the subject matter.

---

1. Paragraph 12 of the complaint alleges in effect that when the plaintiff opened his savings account with the defendant association and requested a list of its membership he was acting on behalf of a member of long standing who wished to conceal his identity. The complaint does not allege that he told this to the defendant when he requested a list of membership and it is apparent that the defendant believed at that time that the plaintiff was acting on his own behalf.

2. A deposition of the plaintiff taken by the defendant was presented at the hearing in which the plaintiff testified that his only investment in the defendant association was a cash deposit of $500 for which he has since been reimbursed by his undisclosed principal.