# RESCRIPT OPINIONS.

Pursuant to the requirements of G. L. c. 211, § 9, the Reporter publishes the following:

JAMES G. HADGE *vs.* SECOND FEDERAL SAVINGS AND LOAN ASSOCIATION OF BOSTON. December 9, 1968. The petitioner is a voting member and director of the respondent association. His petition for a writ of mandamus prayed that the association be ordered to furnish a list of its members, together with their names, addresses and number of shares held, so that the petitioner could use the list to solicit proxy votes for the membership meeting of January 15, 1968. The petition also requested that the association be restrained from using the membership list to solicit proxies for the meeting and that the court grant such other relief as it deemed just. The case purportedly was heard both on the merits and on the respondent's demurrer. The judge sustained the demurrer and also denied the petition "as a matter of law and discretion." We do not reach the merits. The specific relief sought referred to the membership meeting of January 15, 1968. Since that meeting has already been held, the questions raised by the petition have become moot. The possibility that the same issues might arise in the future and that it might be advantageous for the parties to have their rights determined in advance is not enough to call for the rendition of a judgment. *Cole* v. *Chief of Police of Fall River*, 312 Mass. 523, 526. It follows that the order sustaining the demurrer and the order dismissing the petition must be reversed, not on the merits, but because the case has become moot, and the case is remanded to the Superior Court with directions to dismiss the petition without prejudice. See *Nilsson* v. *Pearson*, 301 Mass. 228, 229; *Vigoda* v. *Superintendent of Boston State Hosp.* 336 Mass. 724, 726–727.

So ordered.

*Daniel F. Featherston, Jr.* (*Daniel Klubock* with him) for the petitioner.
*Carlton W. Spencer* (*Nancy W. Spencer* with him) for the respondent.