**James G. HADGE, Plaintiff, Appellant.**

v.

**SECOND FEDERAL SAVINGS AND LOAN ASSOCIATION OF BOSTON, Defendant, Appellee.**

No. 7269.

United States Court of Appeals
First Circuit.

April 29, 1969.

Daniel F. Featherston, Jr., Boston, Mass., with whom Daniel Klubock, Boston, Mass., was on the brief, for appellant.

Carlton W. Spencer, Boston, Mass., with whom Douglass B. Auer and Spencer & Stone, Boston, Mass., were on the brief, for appellee.

Before ALDRICH, Chief Judge, McENTEE and COFFIN, Circuit Judges.

ALDRICH, Chief Judge.

The present questions in this case arise out of the district court's dismissal of the complaint for lack of jurisdiction. The facts are relatively simple. In October 1967 one Mamber filed a complaint in the district court asserting that he was a member of defendant Second Federal Savings and Loan Association of Boston and seeking mandamus to compel disclosure of a list of the other members, their addresses, and number of shares held by each, for use in connection with a forthcoming election. Defendant contended that its bylaw, approved by the Federal Home Loan Bank Board, permitted Mamber to communicate with other members only through it, in a limited manner, and without Mamber's knowledge of their identity. On this basis it moved under F.R.Civ.P. 12(b) (6) to dismiss for failure to state a claim. This motion was assigned for hearing together with a motion by Hadge, the present plaintiff appellant, to be substituted as party plaintiff. Hadge, a director, not up for re-election, asserted that Mamber was his undisclosed agent. The court did not reach the parties' motions but, sua sponte, dismissed the complaint for lack of jurisdiction of the subject matter. It said,

"No special jurisdictional statute is relevant. The Home Owners Loan Act of 1933, 12 U.S.C. §§ 1461–1468, is not an act regulating commerce such as might make applicable the jurisdictional provisions of 28 U.S.C. § 1337. Rather it rests upon Congress' power to tax and make appropriations for the general welfare by virtue of clause 1 of Art. I, § 8, of the Constitution of the United States, First Federal Savings & Loan Ass'n of Wisconsin v. Loomis, 7 Cir., 1938, 97 F.2d 831, 836–839, 121 A.L.R. 99.

"Accordingly, the complaint is dismissed for lack of jurisdiction over the subject matter."

Mamber v. Second Fed. Sav. & Loan Ass'n, D.Mass., 1967, 275 F.Supp. 170, 171.

No appeal was taken from the dismissal. Hadge, instead, brought a suit in the Massachusetts state court, which denied relief. His appeal therefrom was dismissed on the ground of mootness, the election in connection with which he wanted relief having already been held. Hadge v. Second Fed. Sav. & Loan Ass'n, 1968 Mass.Adv.Sh. 1377, 242 N.E.2d 861.

Hadge's term of office was set to expire at the January 1969 meeting and he desired to stand for re-election. Not deterred by his prior failure, in August 1968 he made a personal request for a list of members. Upon rejection he sought relief from the Federal Home Loan Bank Board, which refused, stating that defendant's bylaw was valid even as to directors. The following week plaintiff brought this suit. The district court promptly dismissed the action and plaintiff appealed. Both the district court and this court denied temporary relief pending appeal.

A preliminary question is whether the election having now passed, the appeal has become moot. Under the circumstances we prefer not to follow the Massachusetts court, but to construe this as a claim for continuing relief. A party who failed in the trial court could not, as a practical matter, ever obtain review and we would go on year after year dismissing appeals before they could be decided. We do not think such a result desirable, or necessary. See United States v. W. T. Grant Co., 1953, 345 U.S. 629, 632–633, 73 S.Ct. 894, 97 L.Ed. 1303; Offner v. Shell's City, Inc., 5 Cir., 1967, 376 F.2d 574, 576; Woods v. Wright, 5 Cir., 1964, 334 F.2d 369, 375. Cf. Wirtz v. Local 153, Glass Bottle Blowers Ass'n, 1968, 389 U.S. 463, 474–476, 88 S.Ct. 643, 19 L.Ed.2d 705.

However, we still do not reach the merits. Defendant asserts that

Hadge, admittedly in privity with Mamber, is collaterally estopped from asserting the district court's jurisdiction because of the adverse decision in the *Mamber* case. Defendant, properly, does not assert the doctrine of direct estoppel, known loosely as res judicata. Because Hadge's second action involves a different election and a different denial this broader doctrine does not apply. Lawlor v. National Screen Serv. Corp., 1955, 349 U.S. 322, 326–328, 75 S.Ct. 865, 99 L.Ed. 1122; Cromwell v. County of Sac, 1876, 94 U.S. 351, 24 L.Ed. 195; Developments in the Law—Res Judicata, 65 Harv.L. Rev. 818, 840 (1952). Collateral estoppel would normally apply, however, between the same parties as to any matter which involved the same questions of fact and law and was actually litigated in the earlier suit. Commissioner of Internal Revenue v. Sunnen, 1948, 333 U.S. 591, 597–598, 68 S.Ct. 715, 92 L.Ed. 898.

Plaintiff contends that there is an exception to this principle, when the question is "purely" of law, and that the present is the exceptional case.[1] There is an exception, but it is not easy to define. This is illustrated by the fact that both parties cite the same case as authority for their positions. In United States v. Moser, 1924, 266 U.S. 236, 45 S.Ct. 66, 69 L.Ed. 262, the original dispute had been over the question whether enrollment at the Naval Academy was "service during the Civil War," entitling the plaintiff to a higher pension. Moser sued for one installment and won. The government did not appeal, but resisted subsequent payments. The Court held the government was bound by the principle of collateral estoppel, since Moser's right to a Civil War pension had been conclusively established by the first suit. The Court said,

"The contention of the Government seems to be that the doctrine of *res judicata* does not apply to questions of law; and, in a sense, that is true. It does not apply to unmixed questions of law. Where, for example, a court in deciding a case has enunciated a rule of law, the parties in a subsequent action upon a different demand are not estopped from insisting that the law is otherwise, merely because the parties are the same in both cases. But a *fact, question* or *right* distinctly adjudged in the original action cannot be disputed in a subsequent action, even though the determination was reached upon an erroneous view or by an erroneous application of the law."

266 U.S. at 242, 45 S.Ct. at 67. The Court later made it clear that a "right" would only be held conclusively determined by a prior suit if the "right" in both suits rested on the same historical facts. In Commissioner of Internal Revenue v. Sunnen, 1948, 333 U.S. 591, 601–602, 68 S.Ct. 715, 721, 92 L.Ed. 898, the Court explained,

"[I]f the *very same* facts and no others are involved in the second case, a case relating to a different tax year, the prior judgment will be conclusive as to the same legal issues which appear, assuming no intervening doctrinal change. But if the relevant facts in the two cases are separable, even though they be similar or identical, collateral estoppel does not govern the legal issues which recur in the second case. Thus the second proceeding may involve an instrument or transaction identical with, but in a form separable from, the one dealt with in the first proceeding. In that situation, a court is free in the second proceeding to make an independent examination of the legal matters at issue. It may then

---

1. Plaintiff names another exception, that collateral estoppel is not to be used "to create vested rights in decisions that have become obsolete or erroneous with time." Commissioner of Internal Revenue v. Sunnen, 1948, 333 U.S. 591, 599, 68 S.Ct. 715, 720, 92 L.Ed. 898. As justifying the application of this principle he cites a

decision of the Second Circuit which came after the dismissal of the *Mamber* case, Murphy v. Colonial Fed. Sav. & Loan Ass'n, 2 Cir., 1967, 388 F.2d 609. While we are impressed by the *Murphy* opinion, a single decision in one circuit scarcely means that a contrary view has met the exception as defined in *Sunnen.*

reach a different result or, if consistency in decision is considered just and desirable, reliance may be placed upon the ordinary rule of *stare decisis*. Before a party can invoke the collateral estoppel doctrine in these circumstances, the legal matter raised in the second proceeding must involve the same set of events or documents and the same bundle of legal principles that contributed to the rendering of the first judgment."

Thus it may be said that when the cause of action is truly different there will be no estoppel as to questions of law, but that there will be when the second cause, although technically distinct, actually involves the same legal claim based on the same historical facts. This is the view taken by the Restatement:

> "Where a question of law essential to the judgment is actually litigated and determined by a valid and final personal judgment, the determination is not conclusive between the parties in a subsequent action on a different cause of action, except where both causes of action arose out of the same subject matter or transaction; and in any event it is not conclusive if injustice would result."

Restatement of Judgments § 70 (1942).[2] The distinction, however, between facts that are the "very same" and facts that are "separable * * * though * * identical," *Sunnen, supra,* can be drawn only with difficulty and has been criticized as too weak a hook from which to hang a decision without some other support. 1B J. Moore, Federal Practice ¶ 0.448, at 4239 (2d ed. 1953); see also United States v. Russell Mfg. Co., 2 Cir., 1965, 349 F.2d 13, 18.

In the instant case we would have particular trouble finding a different "subject matter or transaction" without excessive reliance on formal or accidental variations. The second case did involve a different year; the membership was undoubtedly different; plaintiff wished to support his own directorship rather than someone else's. But in a broader sense plaintiff in both years wanted to invalidate the bylaw and to see the defendant's lists. The parties were having the same continuing quarrel about the same issues. Thus it would seem clear that if, in the prior action, the court had held the bylaw invalid defendant would have been collaterally estopped under United States v. Moser, *supra,* from raising the point a second year. Or, if it had held plaintiff entitled to inspect the books, it would not have availed defendant to claim in a subsequent year that their content had changed. Cf. United States v. Russell Mfg. Co., *supra.*

█ █ In this circumstance the only possible distinction is that the first case constituted no decision on the merits, but only a ruling that the court lacked subject matter jurisdiction. Defendant correctly says, however, that the principle of res judicata applies to a finding of lack of subject matter jurisdiction. Leung Gim v. Brownell, 9 Cir., 1956, 238 F.2d 77; Ripperger v. A. C. Allyn & Co., 2 Cir., 1940, 113 F.2d 332, cert. denied, 311 U.S. 695, 61 S.Ct. 136, 85 L.Ed. 450. We believe that, when the underlying transaction is the same, collateral estoppel should also apply. See Retail Clerks Local No. 1564 v. Your Food Stores, 10 Cir., 1955, 225 F.2d 659; cf. Roth v. McAllister Bros., Inc., 2 Cir., 1963, 316 F.2d 143. But cf. James C. Wilborn & Sons, Inc. v. Brandex Tilt Sash, Inc., 7 Cir., 1967, 380 F.2d 44, 48. A party is entitled to one day in court, but only one. No reason appears why it should make a difference under what type of cloud the sun happened to set. Cf. Wayside Transp. Co. v. Marcell's Motor Express, Inc., 1 Cir., 1960, 284 F.2d 868.

Affirmed.

---

**2.** *Cf.* F.R.Civ.P. 13(a). This rule forces a defendant to state as a counterclaim any claim which "arises out of the transaction or occurrence that is the subject matter of the opposing party's claim." We do not imply, however, that because the rule and the doctrine have similar aims they are identical in scope. See United Artists Corp. v. Masterpiece Productions, Inc., 2 Cir., 1955, 221 F.2d 213, 216.