Michael T. GOLDMAN and Judith R. Goldman, Individually on behalf of themselves and on behalf of all persons similarly situated, Plaintiffs,

v.

FIRST FEDERAL SAVINGS AND LOAN ASSOCIATION OF WILMETTE, Defendant.

No. 73 C 2795.

United States District Court,
N. D. Illinois, E. D.

March 1, 1974.

————◆————

Jack B. Schmetterer and Mark S. Lieberman, Gottlieb & Schwartz, Chicago, Ill., for plaintiffs.

Donald E. Tolva, Richard M. Calkins and James C. Murray, Jr., Burditt & Calkins, Chicago, Ill., for defendant.

## MEMORANDUM OPINION

MAROVITZ, District Judge.

### Motion to Dismiss

#### I.

Defendant has accurately summarized the facts of this case in its Memorandum in Support of Motion to Dismiss the Complaint, and we reproduce those facts substantially as stated therein.

This is a lawsuit brought by the plaintiffs, husband and wife, to recover a $36.25 refund of interest which had been prepaid to the defendant First Federal Savings of Wilmette (hereinafter referred to as "First Federal") on a mortgage loan made by the defendant. Michael Goldman and his wife Judith purchased a home in Highland Park, Illinois, on March 1, 1966, and partly financed it by borrowing $22,000 from First Federal. This loan was secured by a mortgage. Pursuant to the loan agreement, the Goldmans were required to prepay each month's interest on the first day of the month based on the balance owing for the prior month. On June 5, 1973, the Goldmans did in fact make their mortgage payment including interest for the entire month of June 1973. After making this payment, the plaintiffs then notified the defendant, on June 6, 1973, that they intended to pay off their mortgage loan on June 21, 1973, which they in fact did on that date. Subsequently, the Goldmans requested that First Federal return the prepaid interest for the period following June 22, 1973, which plaintiffs plead amounts to $36.25, which First Federal refused to do.

The plaintiffs have filed a four-count class action complaint. In Count I they seek a return of the "unearned prepaid interest" on the ground that this constitutes a prepayment penalty which is not provided for in the loan agreement and thus in violation of a federal regulation. Count II seeks a declaratory judgment that the defendant is in violation of a federal regulation and an injunction enjoining such conduct. Count III is based on pendent jurisdiction and pleads that the defendant has acted in breach of its contract with the Goldmans by collecting the alleged unearned prepaid interest. And, Count IV is based on pendent jurisdiction and seeks a declaratory judgment that the defendant has illegally retained the prepaid interest and an injunction enjoining such conduct.

This Motion to Dismiss under Rule 12(b) of the Federal Rules of Civil Procedure is filed on the grounds that the matters pleaded raise only state matters involving the contractual relationship between the Goldmans and the First Federal, as pleaded in Counts III and IV and therefore this Court lacks subject matter jurisdiction to hear the case. The motion also seeks to dismiss the complaint for failure to state a cause of action upon which relief can be granted. The motion to dismiss the class action will be briefed at a subsequent time, after some discovery has been obtained by both sides; it is not under consideration herein.

#### II.

Plaintiff predicates jurisdiction on 28 U.S.C. § 1337, asserting that this cause arises under an Act of Congress regulating commerce, to wit, the Home Owner's Loan Act of 1933, as amended, 12 U.S.C. § 1461 et seq., and Regulations issued by the Federal Home Loan Bank Board pursuant to that Act, to wit, 12 CFR § 545.6 et seq., and particularly § 545.6–12(b), which provides in part:

"Borrowers from Federal associations shall have the right to prepay their loans without penalty unless the loan contract makes express provision for a prepayment penalty."

Defendant argues that the Home Owner's Loan Act of 1933 is not an Act regulating commerce, citing as authority Mamber v. Second Federal Savings and Loan Association of Boston, 275 F.Supp. 170 (D.Mass.1967), and therefore no jurisdiction obtains under § 1337. However, as plaintiff notes,

there seem to be no cases in accord with this decision, and several which hold to the contrary; we believe the better reasoned cases are those which find that the Act is one which regulates commerce for purposes of giving § 1337 jurisdiction.

In Gibson v. First Federal Savings and Loan Association, 347 F.Supp. 560 (E.D.Mich.1972), an action was brought against the federal savings and loan association by mortgagors who alleged that the effect of defendant's mortgage loan provisions was to collect in advance escrow monies on an equivalent of one-eleventh rate per month of estimated taxes, assessments, etc., in violation of the one-twelfth rate per month provision of governing federal regulation. On a defense motion to dismiss for lack of jurisdiction, the court held that "it appears clear that the Home Owner's Loan Act is an act regulating commerce." 347 F.Supp. at 564. For authority, the court relied on the Second Circuit opinion of Murphy v. Colonial Federal Savings and Loan Association, 388 F.2d 609 (2nd Cir. 1967) (suit to obtain membership lists of persons eligible to vote for directorships at the defendant institution), wherein Justice Friendly said,

> "It is true that federal regulation of finance is not grounded in the commerce power alone. As Chief Justice Hughes explained in Norman v. B. & O. R. R., 294 U.S. 240, 303, 55 S.Ct. 407, 414, 79 L.Ed. 885 (1935):"
>
> "'The broad and comprehensive national authority over the subjects of revenue, finance and currency is derived from the aggregate of the powers granted to the Congress, embracing the powers to lay and collect taxes, to borrow money, to regulate commerce with foreign nations and among the several states, to coin money, regulate the value thereof, and of foreign coin, and fix the standards of weights and measures, and the added express power "to make all laws which shall be necessary and proper for carrying into execution" the other enumerated powers.'"

". . . But to found jurisdiction upon § 1337, it is not requisite that the commerce clause be the exclusive source of Federal power; it suffices that it be a significant one." Murphy, Id., at 615.

We conclude that in this action based upon an alleged violation of a regulation enacted under the Home Owner's Loan Act of 1933, jurisdiction is properly based on 28 U.S.C. § 1337.

### III.

Defendant argues that the resolution of this case is not contingent upon the pertinent federal regulation involved, but rather upon interpretation of the promissory installment note as to whether there has been a breach or as to whether the retention of unearned interest was a penalty. Such, it is argued, is purely a matter of state law, and thus deprives this court of jurisdiction.

The need to draw upon state law to determine if a cause of action, based upon a contract, has been averred, does not deprive this court of subject matter jurisdiction. If a Home Owner's Loan Act regulation has been violated, and damages result therefrom, the federal courts are available to provide remedy. Gibson, supra, 347 F.Supp. at 566. Defendant would have us believe that this forum is available only when the contract or note at suit is violative of the Act on its face, arguing that if an interpretation of the note is required the case belongs in state court; we cannot agree to this restriction on our jurisdiction. Unless the particular state law at hand is unsettled, in which case resort to the abstention doctrine might be desirable, this court must interpret the federal regulation supposedly violated, and determine whether defendant's practice violated it. As plaintiff notes, the Gibson case, as well as Miller v. Standard Federal Savings and Loan Association, 347 F.Supp. 185 (E.D.Mich.1972) (citing Gibson), both involved suits wherein the practices of defendants and the construction and

application of the language contained in the notes were the source of complaint. In the case at bar, it is clear that the note contains no express provisions for a prepayment penalty. We need only decide whether the retention of "unearned" interest after full prepayment amounts to a prepayment penalty under the regulation. This clearly is within our jurisdiction.

### IV.

Defendant also urges dismissal of this action on the ground that prepaid interest is, as a matter of law, distinct from a prepayment penalty, and that since the federal regulation allegedly violated deals only with prepayment penalty, the regulation is inapposite to a resolution of this case.

■ A prepayment penalty is consideration to terminate a loan at the borrower's election before maturity, whereas prepaid interest is an agreed consideration for the extension of credit, or for the use, forbearance or detention of money, which consideration is due before it actually accrues. *Cf.*, Gulf Coast Investment Corp. v. Prichard, 438 S.W.2d 658 (Tex.Civ.App.1969). Interest is a means of compensation, whereas penalty is a means of punishment. In re Denver & R. G. W. R. Co., 27 F.Supp. 983 (D.Colo.1939).

■ However, even if we accept the proposition as stated by defendant that prepaid interest is, as a matter of law, different from a prepayment penalty, such does not exclude a finding that prepaid interest can be transformed to prepayment penalty under the proper change of circumstances. In this case, for example, if interest is a means of compensation for the forbearance of money, no interest could possibly be earned after the loan is terminated because no detained money is outstanding. Therefore, that portion of the prepaid interest which would have been earned had the note not been prematurely terminated becomes, upon retention, a penalty.

Lustgarten v. Federal Savings and Loan Association, 42 Ill.App.2d 86, 191 N.E.2d 434 (1st Dist. 1963), does not contradict this reasoning. That court held that in a note such as we have here, the language contemplates the payment of interest in advance rather than after it has accrued. We agree that the interest to be paid here was not to be paid as it accrued—however, this court fails to comprehend why that precludes refunding a portion of the prepaid interest which, due to the unforeseeable circumstance of a premature termination of the loan, was never earned. The prepaid interest, it seems to us, is collected upon the assumption that the money that the First Federal forbears collecting will be so detained for the entire month. When this assumption proves untrue, plaintiffs are penalized upon the refusal of First Federal to issue a pro rata refund. As plaintiff notes, the retention of the entire prepaid interest is certainly a penalty, because (1) it is interest for a period of time during which no loan balance was outstanding, and (2) it raises the interest rate for the month of June, 1972, well over the 5½% rate provided in the note.

### V.

The note signed by plaintiffs provides in pertinent part:

"The interest for each month shall be added to the unpaid balance on the first day of said month at the rate of one-twelfth (1/12) of the annual interest rate, and shall be calculated upon the unpaid balance hereunder as of the last day of the preceding month."

The note also provides for the repayment of the principal sum

"together with interest thereon at the rate of Five and one-half percent (5½%) per annum, said principal and interest to be payable in monthly installments of ------ One Hundred Thirty-six and no/100 ------ Dollars ($136.00) per month beginning on the 5th day of May, 1966, and a like sum

on the          day of each and every month thereafter *until this note is paid in full . . .*" (emphasis supplied)

and further provides

"This note may be prepaid in part on any monthly payment date, in addition to the installment then due, or in full at any time."

 We find unpersuasive the suggestion that the first of these cited clauses is either an agreement that the prepaid interest may be retained in the event of prepayment, or that it is an agreement for a prepayment penalty. It is clear on the face of this clause that no express provision for retaining prepaid interest subsequent to full payment of the loan is included. However, even were one to construe that clause as an agreement to retain prepaid interest in the event of prepayment, or as an agreement for a prepayment penalty, this construction clearly conflicts with the other cited clauses in this section, in addition to directly contradicting the provision that interest rate shall be charged at 5½% per annum. It seems clear to the court that these clauses should be interpreted so as to harmonize all the provisions therein. But even if this is not possible, or is unreasonable in light of the language, any ambiguities should be resolved against the party who drafted the note, herein First Federal. Clearly the court should not dismiss the suit on this ground.

## VI.

Finally, plaintiffs in this action seek, in addition to damages, a declaratory judgment that the First Federal is violating a federal regulation, and an injunction to prevent further violations. However, because the issue of proceeding with this lawsuit as a class action has been deferred, only plaintiffs Goldman are presently party-plaintiffs. With respect to them, any damage which might have been suffered is past. An injunction for their benefit is clearly unwarranted; a declaratory judgment at this time seems unnecessary. We deem it wise to defer any decision as to the resolution of the Motion to Dismiss Counts II and IV until the matter of the class action has been resolved.

There being no further arguments or contentions of substantial merit to consider, we find that the Motion to Dismiss Count I and Count III must be denied.