**Michael T. GOLDMAN and Judith R. Goldman, Plaintiffs-Appellees,**

**v.**

**FIRST FEDERAL SAVINGS AND LOAN ASSOCIATION OF WILMETTE, Defendant-Appellant.**

**No. 74–1503.**

United States Court of Appeals, Seventh Circuit.

Argued April 21, 1975.

Decided July 16, 1975.

---

Richard M. Calkins, Chicago, Ill., for defendant-appellant.

Jack B. Schmetterer, Chicago, Ill., for plaintiffs-appellees.

Before SWYGERT, STEVENS and DOYLE,* Circuit Judges.

STEVENS, Circuit Judge.

This interlocutory appeal raises the question whether a federally regulated mortgagee's retention of prepaid interest at the time a loan is paid in full in advance of maturity constitutes a "prepayment penalty" within the meaning of 12 C.F.R. § 545.6–12(b).[1] The district

---

* Circuit Judge William E. Doyle of the Tenth Circuit is sitting by designation.

1. The regulation provides:

"(b) *Loan payments and prepayments.* Payments on the principal indebtedness of all loans on real estate security shall be applied directly to the reduction of such indebtedness, but prepayments made on an installment loan may be reapplied from time to time in whole or in part by a Federal association to offset payments which subsequently accrue under the loan contract. Each borrower from Federal associations on a loan secured by a home or combination of home and business property shall have the right to prepay the loan without penalty unless the loan contract makes express provision for a prepayment penalty. The prepayment penalty for a loan secured by a home which is occupied or to be occupied in whole or in part by a borrower shall not be more than 6 months' advance interest on that part of the aggregate amount of all prepayments made on such loan in any 12-month period which exceeds 20 percent of the original principal amount of the loan."

court held that defendant had exacted such a penalty and, therefore, sustained plaintiffs' complaint seeking a recovery of $36.25 for themselves and comparable amounts on behalf of "thousands" of similarly situated persons.

## I.

In 1966 plaintiffs borrowed $22,000 from the defendant, a savings and loan association regulated by the Federal Home Loan Bank Board,[2] to help finance the purchase of a home. The promissory note, which was secured by a mortgage on the home, provided for repayment in installments of $136 payable on the fifth day of each month commencing on May 5, 1966. Each installment payment was to be applied first to interest and then to principal.

The portion of each payment attributable to interest was determined as follows. On the first day of each month interest for that month was added to the principal balance; the amount to be added was 1/12th of the annual interest rate of 5½% times the loan balance as of the last day of the preceding month.[3] Thus, the balance on plaintiffs' loan on May 31, 1973, was $18,253.88; the June interest amounting to $83.66 (computed by multiplying the balance by .055 and dividing by 12), was added to that balance on June 1. The payment of the regular $136 installment on June 5 thus covered the June interest charge and reduced the principal balance by $52.34. Since the June interest was fully paid on the fifth of the month, it was "prepaid interest," that is to say, interest which was paid before it was earned.

The note provided that it might be prepaid in part on any payment date or in full at any time. Except for certain circumstances not relevant to this case, the note contained no express provision for any extra charge or penalty in connection with prepayment.[4] The note is silent with respect to the borrowers' right, if any, to recover prepaid interest which is not earned.

In this case, after making their regular monthly payment on June 5, 1973, the balance due on plaintiffs' loan was $18,201.48. They were then entitled to retire the loan by paying defendant that amount, plus a fee of $25 for a deed releasing the mortgage. They did so on June 21, 1973, and defendant thereafter released the mortgage and cancelled the note.

Contending that defendant was not entitled to retain any interest attributable to the period after the note was paid in full, plaintiffs requested a refund of

---

2. Paragraph 2 of the complaint alleges:

"Defendant FIRST FEDERAL SAVINGS AND LOAN ASSOCIATION OF WILMETTE (hereinafter referred to as 'defendant') is a savings and loan association under the Home Owners' Loan Act of 1933 as amended, Title 12 U.S.C. § 1461 et seq., and is regulated by the Federal Home Loan Bank Board pursuant to Title 12, U.S.C. § 1464. Pursuant to that authority, the Federal Home Loan Bank Board has issued regulations pertaining to loans, to which regulations the defendant is subject. Title 12, Code of Federal Regulations § 545.6 et seq."

3. The note provides:

"The foregoing monthly installment payments shall be first applied to interest on the unpaid balance and then to principal. The interest for each month shall be added to the unpaid balance on the first day of said month at the rate of one-twelfth (1/12th) of the annual interest rate, and shall be calculated upon the unpaid balance due hereunder as of the last day of the preceding month."

4. The relevant provision in the note reads, in part:

"This note may be prepaid in part on any monthly payment date, in addition to the installment then due, or in full at any time. If, however, prepayment is made with funds borrowed by the undersigned or any successor in interest thereto by assumption and such funds are not obtained from the mortgagee, or if the property is classified by the holder of this note as commercial or special purpose; or if the property contains in excess of two residential units the holder of this note reserves the right at its option, to require that up to 90 days' advance interest be paid."

the portion of their June monthly payment that represented interest for the 13-day period from June 22 through July 4, 1973.[5] The request was refused and this litigation ensued.

## II.

■ Plaintiffs' complaint is in four counts. Count I alleges that the retention of 13 days' interest after payment of the note in full violates a regulation of the Federal Home Loan Bank Board promulgated pursuant to the Home Owner's Loan Act of 1933, as amended, 12 U.S.C. § 1461 et seq. The regulation provides, in pertinent part:

> [B]orrower[s] from Federal associations . . . shall have the right to prepay their loans without penalty unless the loan contract makes express provision for a prepayment penalty. 12 C.F.R. § 545.6–12(b).

Federal jurisdiction was predicated on 28 U.S.C. § 1337.[6] Plaintiffs prayed for an accounting of all interest retained by defendant for periods after the full prepayment of any mortgage loan made during the past ten years and for declaratory relief. Count II prayed for an injunction against continuation of the alleged violation of the federal regulation.

In Counts III and IV, plaintiffs sought comparable relief on the theory that the retention of prepaid interest attributable to the period after June 21, 1973, was a breach of the parties' contract as a matter of Illinois law. It was alleged that the federal court had pendent jurisdiction of that claim.

Defendant moved to dismiss the complaint on the grounds (1) that the ultimate resolution of the controversy depended on an interpretation of the note as a matter of state law, and therefore federal question jurisdiction was lacking; and (2) that no prepayment penalty was involved and therefore no violation of the federal regulation had been alleged. Neither party requested that the class be

---

5. Since the note provided that the interest charge shall be added to the principal balance on the *first* day of the month, it would seem that plaintiffs' claim should have been limited to the 9-day period ending on June 30, 1973; the difference between a claim for 13 days' interest and one for only 9 days is not material to our analysis of the case, however.

6. "The district courts shall have original jurisdiction of any civil action or proceeding arising under any Act of Congress regulating commerce or protecting trade and commerce against restraints and monopolies."

The Home Owners' Loan Act is an act of Congress regulating commerce. *Murphy* v. *Colonial Federal Savings & Loan Association*, 388 F.2d 609, 614–615 (2d Cir. 1967).

For purposes of this opinion we assume, but do not decide, that a private cause of action may be properly brought to enforce the provisions of the pertinent regulation, 12 C.F.R. § 545.6–12(b). *See Milberg* v. *Lawrence Cedarhurst Federal Savings and Loan Association*, 496 F.2d 523, and cases cited at 525 (2d Cir. 1974). We note, however, that in several recent decisions the Supreme Court has stated that the inference of a private cause of action not specifically authorized by the statute must be consistent with the evident legislative intent and with the effectuation of the purposes intended to be served by the statute. *National Railroad Passenger Corp.* v. *National Association of Railroad Passengers*, 414 U.S. 453, 457–58, 94 S.Ct. 690, 38 L.Ed.2d 646 (1974); *Securities Investor Protection Corp.* v. *Barbour*, 421 U.S. 412, 95 S.Ct. 1733, 1737, 44 L.Ed.2d 263 (1975); *Cort* v. *Ash*, —— U.S. ——, 95 S.Ct. 2080, 45 L.Ed.2d 26 (1975). If the statute expressly authorizes proceedings to enforce its provisions and the regulations promulgated under it, ordinarily it will be inferred that no other means of enforcement, such as by private cause of action, was intended by the legislature. *National Railroad Passenger Corp.* v. *National Association of Railroad Passengers*, supra 414 U.S. at 458, 94 S.Ct. 690; *Securities Investor Protection Corp.* v. *Barbour*, supra, 421 U.S. at 418, 95 S.Ct. at 1737. Since the Home Owner's Loan Act provides the Home Loan Bank Board with sweeping powers to enforce the Act and its regulations, 12 U.S.C. § 1464(d), it is perhaps arguable that no private cause of action can be implied.

We further note that the opinion in *Milberg*, supra, suggests that it may be necessary for the plaintiff to request the Home Loan Bank Board to take action against the defendant association under 12 U.S.C. § 1464(d) and that the Board refuse such a request before a private cause of action may be initiated. 496 F.2d at 525.

determined before the sufficiency of the complaint was decided.

The district court denied the motion. In a written memorandum the court first stated that it would postpone consideration of the class action allegations until after some discovery had transpired, and held that federal jurisdiction was properly invoked; on the merits, it held that retention of prepaid interest, which would have been earned only if the note had not been prematurely terminated, constituted a penalty "because (1) it is interest for a period of time during which no loan balance was outstanding, and (2) it raises the interest rate for the month of June, 1972, [sic] well over the 5½% rate provided in the note." 377 F.Supp. 883, 886 (N.D.Ill. 1974). Finally, the court held that the note did not contain any "express provision for retaining prepaid interest" after full payment of the loan. *Id.* at 887.

■ Thereafter, the district court, pursuant to 28 U.S.C. § 1292(b), certified that its ruling involved a controlling question of law as to which there is substantial ground for difference of opinion, and that an immediate appeal might materially advance the ultimate termination of the litigation. We granted leave to appeal from the interlocutory order. We first heard argument limited to the jurisdictional question and then, after deciding by order that a federal question was presented,[7] heard argument on the merits. We now reverse.

### III.

The district court correctly identified two objectionable features of defendant's practice of collecting prepaid interest. First, defendant was paid interest which was never earned because the last regular installment covered the period subsequent to June 21 when no loan balance was outstanding. Second, the retention of such unearned interest had the effect of raising the true interest rate for the month of June, 1973, to well over the 5½% rate specified in the note.

Plaintiffs persuasively argue that we should look askance at these inequitable features and that they are appropriately characterized as a "penalty." Our task, however, is not to pass on the equitable character of the practice, or to determine whether there is an element of deception in the statement of the interest rate as 5½% when it is actually somewhat higher; our problem is whether the retention of the unearned interest is a "prepayment penalty" within the meaning of a specific regulation.

The regulation contains no definition of the term and we are not aware of any judicial interpretation of it. The regulation by limiting the amount of such a penalty to not more than six months advance interest on the amount prepaid,[8] implies that normally a prepayment penalty is much more substantial than the $36.20 amount withheld from plaintiffs. Nevertheless, we do not believe the character of the charge is appropriately determined by its size.

Nor do we believe the fact that a prepaid amount is *retained* by the lender, as opposed to the exaction of an additional charge, is of consequence. For surely if a borrower found that he had to forfeit amounts deposited for the purposes of paying real estate taxes or insurance premiums in order to pay off his loan, he would incur a prepayment penalty. Finally, we also agree with plaintiffs' argument that the permissibility of the practice as a matter of state law (if such should be the case) should not have controlling effect in this context.

---

7. Defendant argued that the lawsuit could only be resolved by a construction of the note pursuant to Illinois law and that the federal question was merely lurking in the background. We decided, however, that even if defendant correctly construed its note as a matter of state law, the complaint nevertheless requires decision of the question whether the retention of unearned interest is a prepayment penalty within the meaning of the federal regulation.

The right which plaintiffs assert in Counts I and II will be supported if the regulation is given one construction and defeated if it receives another. *See Gully* v. *First National Bank*, 299 U.S. 109, 112–113, 57 S.Ct. 96, 81 L.Ed. 70.

8. The precise limitation is quoted in n. 1, *supra.*

On the other hand, the mere fact that some cost is imposed on the borrower at the time the loan is prepaid does not warrant the conclusion that such cost is a penalty. Thus, for example, the defendant required plaintiffs to pay a fee of $25 for a release deed before cancelling the note and mortgage. Presumably because the same release fee would have been imposed whenever the loan was paid in full, plaintiffs do not question the validity of that charge. The proper test, it seems to us, is whether there is a charge imposed at the time of prepayment that would not be imposed if the note were paid at maturity instead of at an earlier date. Moreover, the nature of any such charge, rather than its amount, should be determinative.

Under this test plaintiffs' claim fails. For both of the objectionable features of defendant's retention of unearned prepaid interest are present when the note is paid at maturity. A concrete hypothetical situation will illustrate the point. Assume that the regular monthly payment on April 5, 1986, would reduce the principal balance to $100. Under the terms of the note, on May 1, 1986, an interest charge of 46 cents (1/12th of $5.50) would be added to the principal. Then, if on May 5, 1986, the borrower made a final payment of $100.46, that payment would include interest for the balance of May, even though during the period between May 5 and May 31 the note would have been paid in full and interest attributable to that period would never be earned. Moreover, the retention of the entire 46 cents would create a true interest cost for the first few days in May of well over 5½%. The differences between that situation and the prepayment situation are differences in the amount, rather than the character, of the costs associated with the final payment.

It follows, we believe, that plaintiffs are actually objecting to the concept of prepaid interest, rather than to the costs incurred in connection with prepayment of principal. For the practice of requiring that interest be prepaid each month inevitably produces a true interest cost in excess of the stated rate and also involves the payment of interest on a principal balance which is actually reduced before the interest is earned.[9]

In our analysis we have assumed arguendo that defendant's interpretation of the note is correct. Of course, on the contrary assumption plaintiffs are entitled to recover as a matter of state contract law and need not rely on the federal regulation.[10] As we read the regulation, however, it does not prohibit prepaid interest. The requirement that any prepayment penalty be expressly described in the note relates to a cost which is associated with payment in advance of maturity but which is not otherwise incurred. We do not find any such cost incurred by reason of prepayment of this note.

## IV.

Our interpretation of the regulation requires dismissal of Counts I and II with prejudice. Since those counts raised a substantial federal question, the district court had pendent jurisdiction over the state law claims asserted in

9. Thus, to revert to our actual case, when plaintiffs made their regular payment on June 5, 1973, they reduced the loan balance to $18,201.48, but the June interest was computed on the basis of $18,253.88, the principal balance as of May 31, 1973. Plaintiffs thus paid interest on the difference between those amounts for the entire month of June even though no interest on that difference was earned after June 5.

10. Moreover, if the position asserted by plaintiffs in Counts III and IV of their complaint is correct and defendant is not entitled under the terms of the note to retain the interest for the remainder of the month of June, 1973, it would nevertheless still be proper to conclude that there was no prepayment penalty as that term is used in the regulation. We think that term contemplates a consideration for premature termination that has been agreed to by the parties to the note. See *Gulf Coast Investment Corp.* v. *Pritchard*, 438 S.W.2d 658, 661 (Tex.Civ.App.1969). We do not think a withholding of funds in violation of the terms of the note would be a prepayment penalty covered by the regulation which deals with the kinds of agreement the parties may make.

Counts III and IV. *Cf. Stream Pollution Control Board of the State of Indiana v. United States Steel Corp.*, 512 F.2d 1036, 1040–1041 (7th Cir. 1975). However, the state law issues were not decided by the district judge and the parties have advised us that litigation is pending in the Illinois courts involving these very issues. Since the federal question has now been decided, and since the state issues are best resolved by the state courts, it would be inappropriate for the district court to proceed to the merits of Counts III and IV or for us to express any opinion about those counts. *United Mine Workers* v. *Gibbs*, 383 U.S. 715, 726, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). Accordingly, the order of the district court entered on March 15, 1974, is reversed and the case is remanded with directions to dismiss Counts I and II with prejudice and to dismiss Counts III and IV without prejudice.

So ordered.