**EAST TENNESSEE TENANTS ASSOCIATION, FAIRVIEW CHAPTER, et al.**

v.

**Patricia Roberts HARRIS et al.**

Civ. No. 3–79–11.

United States District Court, E. D. Tennessee, N. D.

June 26, 1979.

James A. Burke, Rural Legal Services of Tenn., Oak Ridge, Tenn., for plaintiffs.

Erma G. Greenwood, W. Thomas Dillard, Asst. U. S. Atty., Knoxville, Tenn., Barbara Allen Babcock, Asst. Atty. Gen., Alphonse M. Alfano, Shalom Brilliant, Dept. of Justice, Washington, D. C., for defendants.

MEMORANDUM

ROBERT L. TAYLOR, District Judge.

Plaintiffs bring this action for declaratory relief and damages arising out of the imposition of rent increases and utility surcharges at their federally-subsidized low-income housing project. The parties stipulated and consented to trial before the United States Magistrate. Prior to trial, the Magistrate decided, upon cross motions for summary judgment, that the administrative actions by the federal defendant were, in the main, unreviewable, that 24 C.F.R. § 215.-25(a) was a lawful exercise of the Secretary's statutory authority, and that subject-matter jurisdiction did not exist with reference to plaintiffs' claims against the private defendants. Accordingly, the Magistrate recommended that summary judgment be entered for the federal defendant and that the case against the private defendants be dismissed. Plaintiffs have now filed objections to the Magistrate's report. The federal defendant has responded.

In the opinion of the Court the conclusions of the Magistrate with regard to the administrative discretion of the Secretary and the procedural rights of the plaintiffs are entirely correct. With regard

to the private defendants the Court agrees that subject-matter jurisdiction does not exist because plaintiffs' claims concern violations of the Regulatory agreement and lease agreements. Even were a violation of formal regulations plainly alleged, it is by no means clear that a private cause of action for damages would exist against private defendants where no attempt was made by plaintiffs to invoke the Secretary's enforcement authority. *Cf. Goldman v. First Federal Savings and Loan Association of Wilmette,* 518 F.2d 1247, 1250, n. 6 (7th Cir. 1975). The Magistrate's decision not to consider the state contract claims was clearly correct given the dismissal of all federal issues prior to trial. *See United Mine Workers v. Gibbs,* 383 U.S. 715, 726, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966).

For the foregoing reasons, it is ORDERED that the report of the Magistrate be, and the same is, adopted in full. It is further ORDERED that the case be, and the same hereby is, dismissed.

Order accordingly.