Frank E. CUPO, Plaintiff-Appellant,

v.

COMMUNITY NATIONAL BANK & TRUST COMPANY OF NEW YORK et al., Defendants-Appellees.

No. 344, Docket 35112.

United States Court of Appeals, Second Circuit.

Argued Jan. 8, 1971.

Decided Feb. 5, 1971.

Thomas R. Farrell, New York City (Steel, Cohen, Gold, Farrell & Marks, Leonard M. Marks, New York City, of counsel), for plaintiff-appellant.

Herbert F. Roth, New York City (Finley, Kumble, Underberg, Persky & Roth, New York City), for defendants-appellees.

Before LUMBARD, Chief Judge, and MOORE and SMITH, Circuit Judges.

J. JOSEPH SMITH, Circuit Judge:

Plaintiff, who with his wife as joint tenant owns stock having a value of over $20,000 of defendant Community National Bank and Trust Company, appeals from an order of the United States District Court for the Eastern District of New York, Jack B. Weinstein, *Judge,* dismissing his complaint. The complaint alleged that plaintiff was wrongfully denied election to a one-year term as director of defendant bank, in violation of 12 U.S.C. § 61, National Banking Act, which guarantees the right of cumulative voting by shareholders of national banks.

Plaintiff alleges that he had obtained proxies for approximately 14,300 shares, apparently in excess of the number of votes required for election. The judges of election, however, established proxy ground rules which plaintiff alleges were unlawfully designed to defeat his candidacy. *He sought to enjoin manage-ment's directors from taking office and to have the district court declare him elected to the board.* Jurisdiction was premised upon 28 U.S.C. § 1331(a), general federal question jurisdiction, but the court below dismissed the complaint on the grounds that the plaintiff had failed to demonstrate that the amount in controversy exceeded $10,000 as required by the terms of section 1331(a).

On appeal, plaintiff argues that more than $10,000 is in question, since the value of the stock which he owns exceeded that amount, and because the bank had assets exceeding $32,500,000. Alternatively, it is argued that jurisdiction derives from 28 U.S.C. § 1337, which provides that "[t]he district courts shall have original jurisdiction of any civil action or proceeding arising under any Act of Congress regulating commerce * * *." No minimum amount in controversy is required to establish jurisdiction under this section. Judge Weinstein did not consider section 1337 in reaching his decision, since the provision was not asserted below as a source of jurisdiction. We find it unnecessary to determine whether the requisite amount in controversy for purposes of section 1331(a) was established, since we find that jurisdiction is properly founded on section 1337.

28 U.S.C. § 1337, which contains no jurisdictional minimum, provides for jurisdiction in all civil actions arising under any act of Congress regulating commerce. The question for decision, then, is whether the National Banking Act (specifically 12 U.S.C. § 61), upon which plaintiff asserts the existence of a federal question, is an act regulating commerce for purposes of section 1337. On the basis of this court's decision in Murphy v. Colonial Federal Savings and Loan Association, 388 F.2d 609 (2d Cir. 1967), we hold that it is. Plaintiffs in that case were shareholder-depositors in the defendant federal savings and loan association, established under federal law. They sued to set aside an election of the management's slate of directors because plaintiffs had been denied a list of persons eligible to vote. Although questioning the existence of jurisdiction under section 1331(a) because of the amount-in-controversy requirement, the court found jurisdiction on the basis of section 1337, since the federal

question involved an act regulating finance (as the act relied upon in this case). While recognizing that federal regulation of finance is not grounded in the commerce power alone, the court noted that "to found jurisdiction upon § 1337, it is not requisite that the commerce clause be the exclusive source of Federal power; it suffices that it be a significant one." 388 F.2d at 615. That the commerce clause was at least a partial source of power for the creation and regulation of national banks is indicated by Chief Justice Marshall's opinion in M'Culloch v. Maryland, 17 U.S. (4 Wheat.) 316, 407–409, 4 L.Ed. 579 (1819).

Defendants urge this court to reject the holding in *Murphy,* contending that that holding is in direct conflict with the Congressional policy behind the enactment of 28 U.S.C. §§ 1348 [1] and 1349.[2] We reject this contention. It appears reasonably clear that section 1348 was designed to grant federal jurisdiction in certain limited situations involving winding up of the affairs of the national banks and to establish citizenship for diversity purposes in cases where federal court jurisdiction is based on diversity of citizenship. Cf. Austin v. Altman, 332 F.2d 273, 276 (2d Cir. 1964). The last sentence of the provision clearly indicates that Congress contemplated other common law actions involving national banks being brought in the federal courts only where diversity of citizenship exists, but in no way negates federal jurisdiction under grants such as section 1337. See also, 12 U.S. C. § 94,[3] regulating venue. Thus section 1348 cannot be read as implying that *only* the actions enumerated in that section can be brought in federal court. Since the claim in this case establishes the existence of an independent federal question on the basis of the alleged violation of 12 U.S.C. § 61, section 1348 is no bar.

We have even less difficulty with defendants' contentions concerning section 1349. By its terms all this section does is prevent the mere fact of federally authorized incorporation from being a source of jurisdiction in and of itself, unless more than half the stock is owned by the United States. It has no applicability to a situation where, as here, there is an independent federal question. See 1 Barron & Holtzoff, Federal Practice and Procedure, § 36 n. 59.1 (Wright ed. 1960); Murphy v. Colonial Federal Savings and Loan Association, *supra,* 388 F.2d 609, 611, 612.

The judgment dismissing the action is reversed and the case remanded.

1. Section 1348 provides:
    The district courts shall have original jurisdiction of any civil action commenced by the United States, or by direction of any officer thereof, against any national banking association, any civil action to wind up the affairs of any such association, and any action by a banking association established in the district for which the court is held * * * to enjoin the Comptroller of the Currency, or any receiver acting under his direction * * *.
    All national banking associations shall, for the purposes of all other actions by or against them, be deemed citizens of the States in which they are respectively located.

2. This section provides:
    The district courts shall not have jurisdiction of any civil action by or against any corporation upon the ground that it was incorporated by or under an Act of Congress, unless the United States is the owner of more than one-half of its capital stock.

3. 12 U.S.C. § 94 provides:
    *Venue of suits.*
    Actions and proceedings against any association under this chapter may be had in any district or Territorial court of the United States held within the district in which such association may be established, or in any State, county, or municipal court in the county or city in which said association is located having jurisdiction in similar cases.