496 F.2d 523
 Larry MILBERG and Irene Milberg, Plaintiffs-Appellants,
v.
LAWRENCE CEDARHURST FEDERAL SAVINGS AND LOAN ASSOCIATION,
Defendant-Appellee.
Bernhard BRONHEIM and Gloria Bronheim, Plaintiffs-Appellants,
v.
FRANKLIN SOCIETY FEDERAL SAVINGS AND LOAN ASSOCIATION,
Defendant-Appellee.
 Nos. 891, 892, Dockets 73-2583, 73-2592.
 United States Court of Appeals, Second Circuit.
 Argued April 15, 1974.
Decided April 29, 1974.
 
 Lawrence Milberg, New York City (Milberg & Weiss, New York City, on the brief), for appellants.
 Morris Zweibel, Mineola, N.Y. (Crowe, McCoy & Agoglia, Mineola, N.Y. on the brief), for appellee Lawrence Cedarhurst Federal Savings and Loan Ass'n.
 Matthew F. Sarnell, New York City (Amend & Amend, New York City, on the brief), for appellee Franklin Society Federal Savings and Loan Ass'n.
 Before KAUFMAN, Chief Judge, CLARK, Associate Justice,* and SMITH, Circuit Judge.
 PER CURIAM:
 
 
 1
 Plaintiffs-appellants in this consolidated appeal allege that defendant-appellee banks are exacting monthly escrow payments from them and all other borrowers of their class that exceed the amount permitted by federal law for the payment of taxes becoming due on real property mortgaged to the banks to secure plaintiffs-appellants' loans. Jurisdiction was asserted under the provisions of 28 U.S.C. 1337 granting original jurisdiction to the district courts 'of any action and proceeding arising under any Act of Congress regulating commerce . . .'; and specifically, pursuant to Section 545.6-11 of the Regulations of the Home Loan Bank Board as authorized by the Home Owners Loan Act of 1933, 12 U.S.C. 1461 et seq. The learned trial judge dismissed the actions on the ground that the court lacked subject matter jurisdiction in that the complaints alleged nothing further as a jurisdictional ground except that the Associations were chartered under the Home Owners Loan Act of 1933. We read the allegations differently.
 
 
 2
 The Regulation which is involved here and has the force of statute, Community Federal Savings and Loan Association v. Fields, 128 F.2d 705 (8th Cir. 1942) reads that the obligors, such as the plaintiffs-appellants, may be required to pay 'the equivalent of 1/12 of the estimated annual taxes, assessments, insurance premiums and other charges on real estate security.' The mortgage note involved here tracks this language adding that if such sum is found deficient, the obligor agrees to pay such deficiency on demand; and on default for 30 days the whole of the principal of the note immediately becomes due.
 
 
 3
 Despite the Regulation and the provisions of the note the plaintiffs-appellants alleged that the moneys exacted from them 'far exceeded any sum prospectively required to pay real estate taxes in that year and defendant's estimates as to said amount were made in bad faith.' Finally, plaintiffs-appellants each alleged that defendant-appellee bank 'has used and is using said excess sums as part of the grneral funds of the bank, has earned interest thereon and has not paid or applied interests to the plaintiffs.'
 
 
 4
 The record shows that the plaintiffs-appellants applied to the Federal Home Loan Bank Board for relief and by letter its Deputy General Counsel advised that any excessive escrow requirement would violate its regulation.[1] However, it deemed it appropriate that 'the resolution of the merits of the controversy be left to the determinations of the Court.'We held in Murphy v. Colonial National Bank & Trust Co.,388 F.2d 609, 615 (2d Cir. 1962), that an alleged violation of a regulation promulgated under the Home Owners Loan Act of 1933 sufficed to confer 1337 jurisdiction. See Cupo v. Community Nat'l Bank & Trust Co., 438 F.2d 108 (2d Cir. 1971) (alleged violation of National Banking Act, 12 U.S.C. 61 et seq.); Gibson v. First Federal Savings & Loan Ass'n., 347 F.Supp. 560 (E.D.Mich.1972) (alleged violation of 12 C.F.R. 545.6-11, promulgated under Home Owners Loan Act, 12 U.S.C. 1461 et seq.). Moreover, Murphy teaches that where the Board refuses to act, a private right of action may be implied from the statute. See Murphy v. Colonial Nat'l Bank & Trust Co., supra, 388 F.2d at 612-614. Accordingly, we are of the view that the complaint asserts a basis for federal jurisdiction sufficient to withstand the motion to dismiss.
 
 
 5
 The judgment dismissing the action is reversed and the case is remanded.
 
 
 
 *
 United States Supreme Court, retired, sitting by designation
 
 
 [1]
 The letter from the Deputy General Counsel also states that 'What is 'excessive' in any given case would, of course, depend on the relevant facts and circumstances.' In this regard, we note that the district court has not determined the propriety of maintaining these suits as class actions and, accordingly, that question is not before us. In view of our disposition of the appeal, we assume the arguments the banks have presented in this court on the class action question will be pursued on remand in the district court