Leon M. COOPER and Ida H. Cooper, his wife, Individually and as representatives and on behalf of all other members of the class similarly situated, Plaintiffs,

v.

BALDWIN–BELLMORE FEDERAL SAVINGS AND LOAN ASSOCIATION, Defendant.

No. 73–C–1067.

United States District Court, E. D. New York.

March 10, 1975.

Fellner & Rovins, New York City, for plaintiffs.

Buckley & Buckley, Freeport, N. Y., for defendant.

## MEMORANDUM and ORDER

COSTANTINO, District Judge.

Plaintiffs who are mortgagors seeking to represent a class of borrowers who have entered into mortgage agreements with defendant, a federal savings and loan association, allege that the mortgage contracts are usurious and request declaratory relief to that effect. Specifically plaintiffs contend that the "processing charge" they were required to pay upon entering into the mortgage contracts should be added to the regular interest charges which would then make the loans usurious.

By Memorandum and Order dated April 10, 1974, defendant's motion to dismiss the complaint was granted. The jurisdictional basis originally asserted was that a federal question existed, 28 U.S.C. § 1331, because, plaintiffs claim, sections 85 and 86 of Title 12, United States Code, the usury provisions of the National Bank Act, 12 U.S.C. § 21 et seq., apply to federal savings and loan associations by operation of section 37 of Title 12, United States Code. This court rejected that contention and dismissed the complaint for lack of federal jurisdiction. Plaintiffs here move to reargue that motion asserting a different theory of federal jurisdiction. Citing 28 U.S.C. § 1337 as a basis, they argue that the Federal Home Loan Bank Act, 47 Stat. 725, 12 U.S.C. § 1421 et seq. contains a provision, section 1425, which provides the federal question necessary for this court to maintain jurisdiction and provides the basis for their usury claim. Section 1425 reads as follows:

No institution shall be admitted to or retained in membership, or granted the privileges of nonmember borrowers, if the combined total of the amounts paid to it for interest, commission, bonus, discount, premium, and other similar charges, less a proper deduction for all dividends, refunds, and cash credits of all kinds, creates an actual net cost to the home owner in excess of the lawful contract rate of interest applicable to such transactions, or, in case there is no lawful contract rate of interest applicable to such transactions, in excess of such rates as may be prescribed in writing by the [Federal Home Loan Bank] Board acting in its discretion from time to time. This

section applies only to home mortgage loans on single-family dwellings.

In addition plaintiffs cite the recent decision in Milberg v. Lawrence Cedarhurst Federal Savings and Loan Association, 496 F.2d 523 (2d Cir. 1974), to support their contention that this court has jurisdiction. It should be noted that plaintiffs' apparent modification of the theory of their claim— from sections 85 and 86 of Title 12 to section 1425—has never been formalized by an amendment of their complaint, nor have plaintiffs amended their complaint to allege 28 U.S.C. § 1337 as a jurisdictional basis.

The defendant opposes the motion to reargue and urges this court to reiterate its order dismissing the complaint for lack of federal jurisdiction. It asserts that section 1425 gives no right to plaintiffs to argue in a federal court that a federal savings and loan association has charged them a usurious rate of interest and that even if it did, the matter raises no federal question since an allegation of usury is a matter to be determined under state law, specifically New York General Obligations Law, McKinney's Consol. Laws, c. 24–A, sections 5–511, 5–513 and 5–519; New York Banking Law, McKinney's Consol. Law, c. 2, sections 14–a and 380–e; and New York Bank Board Regulation 4.2.

As the court stated in its first decision, to create federal jurisdiction under 28 U.S.C. § 1337 some federal right, be it constitutional, statutory, or "federal common law" must exist independent of the general rights emanating from the power of Congress to regulate commerce. *See* Murphy v. Colonial First Savings and Loan Association, 388 F.2d 609 (2d Cir. 1967); Cupo v. Community National Bank and Trust Co. of New York, 438 F.2d 108 (2d Cir. 1971); Partain v. First National Bank of Montgomery, 467 F.2d 167 (5th Cir. 1972); Burns v. American National Bank and Trust Co., 479 F.2d 26 (8th Cir. 1973); and Gibson v. First

Federal Savings and Loan Association, 347 F.Supp. 560 (E.D.Mich.1972). Therefore it must appear that a right or immunity created by the Constitution or a federal statute is an essential element of plaintiffs' cause of action. Gully v. First National Bank, 299 U.S. 109, 57 S.Ct. 96, 81 L.Ed. 70 (1936); Austin v. Altman, 332 F.2d 273 (2d Cir. 1964). Courts have held, in addition, that an alleged violation of a regulation promulgated under the Federal Home Loan Bank Act, 47 Stat. 725, 12 U.S.C. § 1421 et seq., or the Home Owner's Loan Act of 1933, 48 Stat. 128, 12 U.S.C. § 1461 et seq., by the Federal Home Loan Board may provide the federal question necessary for federal jurisdiction. Milberg v. Lawrence Cedarhurst Federal Savings and Loan Ass'n, 496 F.2d at 525; Gibson v. First Federal Savings and Loan Ass'n, 347 F.Supp. 560, 564–66 (E.D.Mich.1972); Miller v. Standard Federal Savings and Loan Ass'n, 347 F.Supp. 185, 187 (E.D.Mich. 1972) (regulation concerning limits on escrow deposits); Murphy v. Colonial Federal Savings and Loan Ass'n, *supra*, 388 F.2d at 612–15 (regulation concerning voting for directorships and "federal common law" right to voters lists); Meyers v. Beverly Hills Federal Savings and Loan Ass'n, 499 F.2d 1145, 1146–47 (9th Cir. 1974); Goldman v. First Federal Savings and Loan Ass'n of Wilmette, 377 F.Supp. 883, 884–85 (N.D. Ill.1974) (regulation concerning prepayment penalties).

Since the Federal Home Loan Bank Board has promulgated no regulation dealing with usury questions, plaintiffs must rely on section 1425 alone to provide their vehicle for federal jurisdiction. Section 1425, however, merely provides that institutions which violate state usury laws may not be admitted to or retain membership in the Federal Home Loan Bank Board. This section does not give rise to a private cause of action. Chevalier v. Baird Savings Association, 371 F.Supp. 1282, 1284 (E.D.Pa.1974). Section 1425

is not comparable to the regulations in the cases mentioned above which provided federal jurisdiction. Those regulations set out national standards that federal savings and loan associations must follow and, if they do not, the Federal Home Loan Bank Board may impose sanctions against them. Where the Board refuses to enforce those standards "a private right of action may be implied from the statute." *Milberg, supra,* 496 F.2d at 525, citing *Murphy, supra,* 388 F.2d at 612–14. Section 1425, on the other hand, deals with an area, interest rates, that has been left specifically to the individual states. National uniformity is not desired, as it was in the cases dealing with voting lists *(Murphy)*, escrow fund limitations *(Milberg, Gibson,* and *Miller)* or prepayment penalties *(Meyer* and *Goldman)*.

A further distinction between the previously cited cases and this one is that the courts in at least *Murphy* and *Gibson* were concerned that their plaintiffs had no alternative forum to turn to. This is not so here. The plaintiffs have remedies under New York State statutes. Moreover, like the situation in *Chevalier, supra,* 371 F.Supp. at 1285, the court is informed that similar actions testing defendant's practices are currently before the New York State courts. While not formally invoking the abstention doctrine, this court recognizes the overriding interest that New York has in this litigation and believes that that provides a further reason to grant the motion to dismiss. *Chevalier, Id.;* Brown v. First National City Bank, 503 F.2d 114, 117–18 (2d Cir. 1974).[1]

Since section 1425 of Title 12, United States Code does not provide a cause of action to plaintiffs, plaintiffs' motion to reargue the defendant's motion to dismiss is denied and defendant's motion to dismiss is granted. Settle order on notice.

1. After noting the comments of the Second Circuit in *Brown, supra* regarding federal abstention, the court requested the parties to submit briefs on that subject. Because this court finds no federal jurisdiction, however, it is unnecessary to consider whether federal courts should abstain from ruling on the issue.