Irwin **GOLDSTONE** and Jeanne **Goldstone, Individually and on behalf of themselves and all members of the class similarly situated, on whose property defendant holds a mortgage, Plaintiffs,**

v.

**SOUTH SHORE FEDERAL AND LOAN ASSOCIATION, Defendant.**

No. 75 C 603.

United States District Court, E. D. New York.

Nov. 7, 1975.

Aaron Powsner, Brooklyn, N.Y., for plaintiffs.

Buckley & Buckley, New York City, for defendant.

BRUCHHAUSEN, District Judge.

The plaintiffs, on behalf of themselves, and on behalf of an alleged class, commenced this action against the South Shore Federal and Loan Association, alleging that the monthly payments of mortgage interest and principal amortization, due and payable at the beginning of each monthly period, for the entire term of the mortgage loan, results in a usurious transaction. The complaint alleges violation of both federal and state laws.

The defendant then moved for an order dismissing the complaint upon the ground that the alleged claim does not arise under any federal law over which a District Court may entertain jurisdiction.

The plaintiffs then cross-moved for an order for leave to serve and file an amended complaint. The proposed amended complaint alleges that jurisdiction is founded upon 28 U.S.C. § 1337, providing that "the district courts shall have original jurisdiction of any civil action or proceeding arising under any Act of Congress regulating commerce or protecting trade and commerce against restraints and monopolies" and 28 U.S.C. § 1355, providing that "the district courts shall have original jurisdiction, exclusive of the courts of the States, of any action or proceeding for the recovery or enforcement of any fine, penalty or forfeiture, pecuniary or otherwise, incurred under any Act of Congress," in that this Class Action is brought to recover a penalty, to wit, twice the interest paid to defendant by all members of the class to defendant to be forfeit, pursuant to 12 U.S.C. § 86, for defendant having charged all members of said class interest on principal that has been already prepaid, in violation of 12 U.S.C. § 85. Furthermore, the proposed amended complaint, paragraph "SIXTH" thereof alleges, that in violation of 12 U.S.C. § 1425, the plaintiffs were overcharged interest in violation of Section 108 of the New York State Banking Law.

In the plaintiffs' memorandum, the following reference is contained in the Statement of Facts:

" * * * However, in making statutory reference, plaintiffs referred to 12 U.S.C. 85–6 and Section 108 of the New York State Banking Law, which are directed to the rates of interest that *banks* can charge. * * * However, since 12 U.S.C. 1425 and Sections 5–501 of the General Obligations Law and 380–e of the Banking Law of the State of New York impose an identical prohibition upon savings and loan institutions, the statutory misreference is harmless error, which can be corrected by service of an Amended Complaint."

The amended complaint, therefore, alleges a violation of 12 U.S.C. § 1425 which provides:

"No institution shall be admitted to or retained in membership, or granted the privileges of nonmember borrowers, if the combined total of the amounts paid to it for interest, commission, bonus, discount, premium, and other similar charges, less a proper deduction for all dividends, refunds, and cash credits of all kinds, creates an actual net cost to the home owner in excess of the lawful contract rate of interest applicable to such transactions, or, in case there is no lawful contract rate of interest applicable to such transactions, in excess of such rates as may be prescribed in writing by the [Federal Home Loan Bank] Board acting in its discretion from time to time. This section applies only to home mortgage loans on single-family dwellings."

█ It is well settled that to create federal jurisdiction, pursuant to 28 U.S.C. § 1337, or 28 U.S.C. § 1355, some federal right, be it constitutional, statutory, or "federal common law" must exist, independent of the general rights emanating from the power of Congress to regulate commerce. *Murphy v. Colonial Federal Savings and Loan Association,* 2 Cir., 388 F.2d 609; *Cupo v. Community National Bank and Trust Company of New York,* 2 Cir., 438 F.2d 108; *Partain v. First National Bank of Montgomery,* 5 Cir., 467 F.2d 167; *Burns v. American National Bank and Trust Co.,* 8 Cir., 479 F.2d 26.

The amended complaint seeks to use 12 U.S.C. § 1425 as a basis for jurisdiction. This section provides that institutions, which violate state usury laws, may not be admitted to or retain membership in the Federal Home Loan Bank Board.

█ It is well settled that 12 U.S.C. § 1425 does not give rise to a private cause of action. In *Chevalier v. Baird Savings Association,* 371 F.Supp. 1282 (1974), the Court held in part at page 1284:

" * * * However, * * * we have concluded that § 1425 does not give rise to any private cause of action by a mortgagor against his mortgagee. In order to conclude that a statute gives rise to a private cause of action, we must look at the statute and at its legislative history. There is no hint in this statute or in its legislative history that Congress intended to create any private right of action."

See also *Cooper v. Baldwin-Bellmore Federal Savings and Loan Association,* 390 F.Supp. 874, U.S.D.C., E.D.N.Y., March 10, 1975.

Therefore, the statute 12 U.S.C. § 1425 does not provide plaintiffs with a cause of action over which this court has jurisdiction.

The motion to dismiss the action is granted, and the cross-motion for leave to serve and file an amended complaint is denied.

It is so ordered.