431 A.2d 1012

**Kathleen TOOLAN and Gerard Toolan on Behalf of Themselves and all others Similarly Situated, Appellants,**

**v.**

**TREVOSE FEDERAL SAVINGS AND LOAN ASSOCIATION.**

Superior Court of Pennsylvania.

Argued June 13, 1979.

Filed Feb. 20, 1981.

Reargument Denied July 20, 1981.

Petition for Allowance of Appeal Granted Sept. 28, 1981.

284 Pa.Super. 473, 475 n. **, 426 A.2d 145, 146 n. ** (1981); *accord, Commonwealth v. Jackson*, 280 Pa.Super. 522, 421 A.2d 845 (1980).

212

Jeffrey S. Kahn, Norristown, for appellants.

John J. Kerrigan, Jr., Newtown, for appellee.

Before SPAETH, STRANAHAN, and SUGERMAN, JJ.*

STRANAHAN, Judge:

. This matter is an appeal from an order of the Court of Common Pleas of Montgomery County sustaining the appellee's demur to the appellants' complaint. We affirm that order.

* President Judge John Q. Stranahan of the Court of Common Pleas of Mercer County, Pennsylvania and Judge Leonard Sugerman of the Court of Common Pleas of Chester County, Pennsylvania are sitting by designation.

By demurring to the appellants' complaint, the appellee has admitted every well pled fact contained in that complaint for purposes of this appeal. *Reardon v. Wilbur*, 441 Pa. 551, 272 A.2d 888 (1971).

Those facts are as follows: Sometime in August of 1975, Gerard and Kathleen Toolan entered into a residential mortgage agreement with The Trevose Federal Savings and Loan Association (hereinafter Trevose). That agreement contained a prepayment penalty clause.

On July 7, 1977, the Toolans paid in full the outstanding balance on their mortgage. In paying off their mortgage at that time, the Toolans prepaid a substantial portion of that mortgage. Trevose charged the Toolans a prepayment penalty of $1,335.83 for doing so. The Toolans paid that penalty.

On December 16, 1977, the Toolans filed a class action suit against Trevose.[1] In their complaint, the Toolans alleged that Trevose violated section 405 of The Act of January 30, 1974, P.L. 13, No. 6, sec. 101 et seq. by imposing and collecting a penalty for prepayment of a residential mortgage.[2]

Trevose filed a preliminary objection in the nature of a demurrer to that complaint. Trevose asserted that, as a Federal savings and loan association, it was subject to the rules and regulations promulgated by the Federal Home Loan Bank Board.[3] The Federal Home Loan Bank Board, pursuant to the rule making power granted it in section 5(a)(1) of The Home Owners' Loan Act of 1933[4], as amend-

---

1. The class included all those individuals who had entered into a residential mortgage agreement with Trevose on or after January 30, 1974, and whose mortgage agreement contained the same or a similar prepayment penalty clause.

2. Sec. 405. *Prepayment penalty prohibited.* Residential mortgage obligations contracted on or after the effective date of this Act (January 30, 1974) may be prepaid without any penalty or other charge for such prepayment at any time before the end of the period of the loan. 41 P.S § 405.

3. 12 U.S.C.A. § 1464(a).

4. 12 U.S.C.A § 1464(a)(1).

ed, enacted rule 555.15(c).[5] That rule specifically provides that a Federal savings and loan association can charge a penalty for prepayment of a residential mortgage regardless of any conflicting state law.[6] Trevose contended that it was not subject to section 405 because rule 555.15(c) preempts section 405.[7]

The lower court found that rule 555.15(c) did preempt section 405 and sustained Trevose's demurrer to the complaint.

The Toolans concede that, if rule 555.15(c) is valid, then it preempts section 405. The Toolans contend, however, that rule 555.15(c) is void because The Federal Home Loan Bank Board exceeded the scope of its rule making authority when it enacted that rule. The Toolans base this contention on the position that rule 555.15(c) conflicts with section 5 of The Federal Home Loan Bank Act of 1932.[8]

Section 5 of the Act provides: No institution shall be admitted to or retained in membership (as a Federal Home Loan Bank) or granted the privilege of nonmember borrowers, if the combined total of the amounts paid to it for interest, commission, bonus, discount, premium and other similar charges, less a proper deduction for all dividends,

**5.** 12 FCR 555.15.

**6.** Section 555.15 *Prepayment penalty on mortgage loans.* Section 545.8–5(b) makes clear that charging a prepayment penalty is a matter of contract between a Federal association and a borrower, and that a borrower may wholly or partly prepay the loan without penalty unless the loan contract contains an express provision imposing a prepayment penalty. Section 545.8–5(b) also authorizes a Federal association to include a provision in its loan contract with a borrower (who occupies or will occupy the home securing the mortgage loan) imposing a prepayment penalty at any amount up to, but not exceeding a specified limit. Thus, in view of the controlling federal regulation, a federal association may include a prepayment provision in the loan contract up to the maximum limitation of sec. 545.8–5(b) regardless of conflicting state law which sets a lower limit or imposes a different type of prepayment penalty, but it may not charge a prepayment penalty exceeding the limit in sec. 545.8–5(b) even if state law allows a higher charge.

**7.** United States Constitution, Article VI, Clause 2.

**8.** 12 U.S.C.A. § 1425.

refunds, and cash credits of all kinds, creates an actual net cost to the home owner in excess of the lawful contract rate of interest applicable to such transactions, or, in case there is no lawful contract rate of interest applicable to such transactions, in excess of such rates as may be prescribed in writing by the Board acting in its discretion from time to time. This section applies only to home loan mortgage loans on single family dwellings.

Initially, the Toolans point out that section 5 is applicable to Federal Savings and Loan Associations because, by statute, every Federal Savings and Loan Association is a member of a Federal Home Loan Bank.[9] The Toolans then make two assertions. First they assert that section 5 means that a member of a Federal Home Loan Bank must abide by the laws on interest and other related charges of the state in which it is doing business. Second, they assert that the definition of "other related charges" includes prepayment penalties. Hence, the Toolans contend, rule 555.15(c) conflicts with section 5 of The Federal Home Loan Bank Act of 1932 and is therefore void.

The Court finds that rule 555.15(c) does not conflict with section 5 of that Act. The error in the Toolans' argument is the way they interpreted section 5. Section 5 does not state that a member of a Federal Home Loan Bank must abide by the laws on interest and other related charges of the state in which it is doing business. Section 5 merely states that the net cost to a homeowner cannot exceed a state's lawful rate of interest. In essence section 5 deals only with the final result and not how that result is reached as the Toolans have asserted. The Court holds, therefore, that The Federal Home Loan Banking Board acted within the scope of its authority when it enacted rule 555.15(c) and that rule 555.-15(c) preempts section 405.[10]

SPAETH, J., concurs in the result.

9.  12 U.S.C.A. § 1464(f).

10.  *Meyers v. Beverly Hills Federal Savings and Loan Association,* 499 F.2d 1145 (9th C.C.A. 1974) is in accord with the general result of

this opinion that federal law preempts state law on the question of whether or not prepayment penalty clauses are enforceable in a residential mortgage agreement. The Court in that case, however, did not deal with the question of whether or not rule 555.15(c) conflicted with section 5 of The Federal Home Loan Bank Act of 1932.