730 F.2d 910
 17 Ed. Law Rep. 9
 Elizabeth P. SHAFFER, William W. Shaffer, Daniel Everett
Brangard, Audra Virginia Engle, Gary N. Cottrell, Susan Rae
Moore, minors by their guardians Betty J. Shaffer, Wanda R.
Brangard, Pauline V. Layhue, Dolores Cottrell and Diana J.
Moore, and in their own right
v.
BOARD OF SCHOOL DIRECTORS OF the ALBERT GALLATIN AREA SCHOOL
DISTRICT Dorsey Clegg, Theodore Yanowsky, Sarah Bartuch,
Elroy Enlow, Charles King, John A. Kopas, Jr., George E.
Lilley, Theodore C. Shaffer, Frank Sterle (Individually and
in their capacity as members of the Board of School
Directors of the Albert Gallatin Area School District
Fayette County, Pa.), and Michael E. Tippett (Individually
and in his capacity as Superintendent of the Albert Gallatin
Area School District), Appellants.
 No. 83-5739.
 United States Court of Appeals,
Third Circuit.
 Argued Jan. 25, 1984.
Decided March 13, 1984.
Rehearing and Rehearing In Banc Denied April 23, 1984.
 
 William C. Kaufmann (argued), Steven M. Dranoff, Dranoff-Perlstein Associates, Philadelphia, Pa., Gerald R. Solomon, Uniontown, Pa., for appellants.
 Robert J. Wetzel (argued), Robert M. Brenner, Southwestern Pennsylvania Legal Aid Society, Uniontown, Pa., for appellees.
 Michael I. Levin, (argued), William Fearen, Cleckner & Fearen, Blue Bell, Pa., for amicus curiae.
 Before HUNTER and WEIS, Circuit Judges, and GERRY,* District Judge.
 OPINION OF THE COURT
 JAMES HUNTER, III, Circuit Judge:
 
 
 1
 This appeal arises from an order of the United States District Court for the Western District of Pennsylvania, 570 F.Supp. 698, enjoining appellant, the Board of School Directors of the Albert Gallatin Area School District ("the School District"), from providing only one-way transportation to the plaintiff class of kindergarten-age school children. This case has been before us once before. This court previously reversed an order of the district court mandating round-trip busing. The district court had based its prior opinion on the federal constitution alone. We found no violation of due process and no denial of equal protection. See Shaffer v. Board of School Directors of the Albert Gallatin Area School District, 687 F.2d 718 (3d Cir.1982), cert. denied, --- U.S. ----, 103 S.Ct. 1209, 75 L.Ed.2d 449 (1983) (Shaffer I ). The state law question was remanded for a discretionary determination, under the guidelines set out by the Supreme Court in United Mine Workers v. Gibbs, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966), whether to dismiss the pendent state law claim.
 
 
 2
 On remand, the court below retained jurisdiction over plaintiffs' pendent claims and, based on state law, entered the judgment from which this appeal is taken. We now hold that the mandate of this court was not properly implemented. Accordingly, we will reverse.
 
 I.
 
 3
 In United Mine Workers v. Gibbs, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966), the United States Supreme Court held that the federal courts have power to hear state law claims that "derive from a common nucleus of operative fact" with substantial federal claims. Id. 383 U.S. at 725, 86 S.Ct. at 1138. The Gibbs analysis does not end with a determination that a federal court possesses the power to decide claims based on state law. Rather, the district court must weigh "considerations of judicial economy, convenience and fairness to [the] litigants" in deciding whether to exercise its discretion in favor of assuming jurisdiction over pendent state claims. Id. 383 U.S. at 726, 86 S.Ct. at 1139.
 
 
 4
 This court held in Shaffer I that the federal claims to which plaintiffs' state claims were appended passed the Gibbs test of substantiality. 687 F.2d at 722. Because the district court had decided the case on federal grounds alone, 522 F.Supp. 1138, a remand was ordered to address the issue of pendent jurisdiction. This court, however, did not leave the district court without guidance. Judge Higginbotham first observed that one of the important reasons for assuming jurisdiction over pendent claims--the avoidance of constitutional issues--would no longer be served in this case. Following Gibbs, he noted that a strong policy exists in favor of resolving state law issues in state courts. Shaffer I, 687 F.2d at 723 n. 8 (quoting Goldman v. First Federal Savings & Loan Association, 518 F.2d 1247 (7th Cir.1975)); see Gibbs, 383 U.S. at 726, 86 S.Ct. at 1139. Finally, this court clearly indicated that the district court should focus on prejudice to the plaintiffs resulting from possible delays in adjudicating their state law claims, rather than the investment of time already devoted to the federal court lawsuit. Shaffer I, 687 F.2d at 722-23.
 
 
 5
 The disposition in Shaffer I followed from prior case law in this circuit. We have held that pendent jurisdiction should be declined where the federal claims are no longer viable, absent "extraordinary circumstances." Weaver v. Marine Bank, 683 F.2d 744, 746 (3d Cir.1982) (quoting Tully v. Mott Supermarkets, Inc., 540 F.2d 187 (3d Cir.1976)). This court has emphasized in the past that "time already invested in litigating the state cause of action is an insufficient reason to sustain the exercise of pendent jurisdiction." Id. (citing Tully ).
 
 
 6
 The district court on remand made the conclusory finding that "[f]ailure to retain jurisdiction will result in inconvenience, undue delay, additional expense, [and] loss of judicial economy of effort[,] and will otherwise unfairly prejudice the plaintiffs."[1] [App. at 139a]. The record contains no indication of any particular prejudice that would result from a delay in the adjudication of plaintiffs' claims. The sole consideration explored by the district court in any detail was "the amount of judicial time and energy already invested [weighed] against the amount of additional time and energy necessary for the resolution of this case in a new forum ...." [App. at 144a]. This court had previously directed, however, that "[t]he fact that some investment of time has already been made" should not be given dispositive weight. 687 F.2d at 723.
 
 
 7
 In Shaffer I, this court provided a specific example of the type of prejudice that would justify retaining jurisdiction: "[s]uch prejudice might arise by virtue of the fact that a new lawsuit in a state court could not be pleaded in time to benefit kindergarten enrollees in the coming school year ...." Id. at 723. Such a consideration could not have been a factor in the district court's decision on remand, because the court below could not schedule a hearing until nine months had passed, and did not issue its opinion and order until a full year after the remand.[2] Moreover, there is no indication in the record that plaintiffs moved to expedite the proceedings in federal court or to initiate a state court action during the year following remand.
 
 
 8
 The district court's decision on the merits of the state law claim was based on a single issue of statutory interpretation,[3] and did not require extensive hearings or the resolution of difficult questions of fact. It is not apparent to us that the transfer of this case to a state forum would be particularly costly to the plaintiffs or require the repetition of lengthy judicial proceedings. We note that the district court had little difficulty in fashioning an appropriate remedy once it had resolved the single complex issue of state law. [App. at 153-55].
 
 
 9
 Thus eliminating as a factor the possibility of serious prejudice or unfairness to the plaintiffs resulting from delay, we hold that the application of the Gibbs guidelines to the facts of this case impels us to decline jurisdiction over the pendent claims. As the Gibbs Court observed:
 
 
 10
 Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law. Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well.
 
 
 11
 383 U.S. at 726, 86 S.Ct. at 1139. In this case, where the underlying issue of state law is a question of first impression with important implications for public education in Pennsylvania, factors weighing in favor of state court adjudication certainly predominate.
 
 
 12
 The district court failed to articulate specific "considerations of judicial economy, convenience and fairness to [the] litigants" that would support pendent jurisdiction. Based on our review of the record, we do not believe that such factors are present in this case. Thus, the court below failed to address the specific concern articulated by this court in Shaffer I and did not invoke the policies expressed by the Supreme Court in Gibbs. We therefore hold that the district court abused its discretion when it retained jurisdiction over plaintiffs' pendent state claims.
 
 II.
 
 13
 Accordingly, for the reasons set forth above, we will reverse the order of the district court and remand with directions to dismiss plaintiffs' pendent state claims without prejudice.
 
 
 
 *
 Honorable John F. Gerry, United States District Judge for the District of New Jersey, sitting by designation
 
 
 [1]
 The determination whether to exercise jurisdiction over pendent state claims is ordinarily entrusted to the sound discretion of the district court. In this case, however, the district court's exercise of discretion was limited by the mandate of this court. We retain plenary power to review a lower court's adherence to the terms of our mandate. Cf. United States v. E.I. du Pont de Nemours & Co., 366 U.S. 316, 325, 81 S.Ct. 1243, 1249, 6 L.Ed.2d 318 (1961) (Supreme Court review of district court's compliance with its decree). In addition, we note that the United States Supreme Court has spoken in this area since the order of the district court was entered. In Pennhurst State School & Hospital v. Halderman, --- U.S. ----, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984), which holds that the Eleventh Amendment precludes federal courts from ordering state officials to conform their conduct to state law, the Court emphasized the reluctance of federal courts to decide important and unclear issues of state law under principles of pendent jurisdiction. Id. at --- U.S. ----, 104 S.Ct. at 920 n. 32. Citing Gibbs, the Court noted that "the federal court's construction [of state law] often is uncertain and ephemeral." Id. at --- U.S. ----, 104 S.Ct. at 920 n. 32
 
 
 [2]
 At oral argument counsel revealed that some of the elapsed time was attributable to the petition for certiorari filed with the United States Supreme Court
 
 
 [3]
 We express no opinion as to the correctness of the district court's interpretation of Sec. 1361 of the Pennsylvania Public School Code, Pa.Stat.Ann. tit. 24, Sec. 13-1361 (Purdon Supp.1983)