

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-24-2006

# Pgh Comm Human v. Key Bank Natl Assn

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-1602

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Pgh Comm Human v. Key Bank Natl Assn" (2006). *2006 Decisions.* Paper 1721.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1721

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

NO. 05-1602
_____

CITY OF PITTSBURGH COMMISSION ON HUMAN RELATIONS, on behalf of
DAVID and VALARIE POLLARD

v.

KEY BANK USA, NATIONAL ASSOCIATION; P&C REPLACEMENT WINDOWS

KEY BANK USA, NATIONAL ASSOCIATION,
*Appellant*

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 04-cv-01034)
District Judge: David S. Cercone

_____

Argued October 20, 2005

Before: SMITH, BECKER and NYGAARD, *Circuit Judges*

(Filed: January 24, 2006)

_____

OPINION

_____

JEFFREY J. RUDER (Argued)
1717 Murray Avenue, Suite 101
Pittsburgh, PA 15217

*Attorney for Appellee*

JAMES W. BENTZ (Argued)
680 Washington Road, Suite 200
Pittsburgh, PA 15228

*Attorney for Appellant*

BECKER, *Circuit Judge.*

The City of Pittsburgh Commission on Human Relations ("the Commission") filed this action against Key Bank USA, National Association ("Key Bank") and P&C Replacement Windows in the Court of Common Pleas of Allegheny County. Alleging violations of both the federal Fair Housing Act, 42 U.S.C. § 3601 et. seq., and § 659.03(a)-(e) of the Pittsburgh City Code, the Commission claimed, on behalf of David and Valerie Pollard, that the Pollards were discriminated against on the basis of race during their application for a home improvement loan. After the case was removed by Key Bank to the District Court for the Western District of Pennsylvania, the Court dismissed all federal claims for lack of standing and remanded the remaining claims to the Court of Common Pleas of Allegheny County. The question presented here is whether the claims under the Pittsburgh City Code were properly remanded, or whether, as Key Bank argues, they should have been decided and dismissed by the District Court.

Although this case potentially raises a number of difficult legal questions, we find

2

that it can be disposed of on the more elemental ground that federal district courts should refrain from exercising supplemental jurisdiction once all federal claims have been dismissed. This principle has been long-recognized by this Court, and we do not find an exception to the rule here. For that reason, we find that the District Court's remand was not an abuse of discretion. Therefore, we will affirm the Order of the District Court.

## I. *Facts and Procedural History*

The Commission's suit was a fair lending action, claiming that Key Bank and P&C Replacement Windows discriminated against the Pollards by denying their application for a home improvement loan on the basis of race. Notably, the Commission claimed that the Pollards were improperly asked their race in applying for a home improvement loan, and that Key Bank's request for such information indicated racial preferences. (*Id.* at 20-21.) The Commission alleged violations of the Fair Housing Act and the Pittsburgh City Code. (*Id.*)

After Key Bank removed the case to federal court, it moved to dismiss, alleging that the Commission lacked standing, that jurisdiction lay only with the Office of the Comptroller of the Currency, and that there was no valid claim for relief because of the way the application had been handled. Adopting the recommendation of Magistrate Judge Caiazza, the District Court dismissed the Fair Housing Act claims for lack of standing, and remanded the City Code claims to the Court of Common Pleas of Allegheny County for further proceedings.

Magistrate Judge Caiazza's recommendation that the federal Fair Housing Act claims be dismissed due to lack of standing was grounded on the view that the Act does not confer authority on local agencies to file suit. Rather, 42 U.S.C. § 3612(o)(1) provides that the *Attorney General* may commence a civil action. He also reasoned that a remand of the City Code claims was proper under 28 U.S.C. § 1367(c), which gives a district court the ability to decline to exercise supplemental jurisdiction once the claims over which it had original jurisdiction have been dismissed. The Magistrate Judge emphasized that in the absence of "compelling circumstances," district courts should decline jurisdiction in circumstances such as these.

This appeal followed, in which Key Bank challenges the portion of the District Court's order that remanded the remaining claims to the Court of Common Pleas of Allegheny County. There is no dispute at this juncture about the inability of the Commission to bring the federal claims in federal court. Accordingly, the dispute before us turns on whether the District Court should have retained jurisdiction and adjudicated the remaining claims, including the federal implied preemption defense, or whether it properly remanded the claims to state court.[1]

II. *Discussion*

---

[1]Originally, the Commission appealed the portion of the District Court's order dismissing the Fair Housing Act claim. However, the Commission later withdrew its appeal. We have appellate jurisdiction to review this case pursuant to 28 U.S.C. § 1291.

A.     *The Relevant Statutes*

Two statutes are relevant to this case in its present posture. First, and most important, 28 U.S.C. § 1367(c) gives a district court discretion to decline supplemental jurisdiction once it has dismissed all federal claims before it. That statute states: "The district courts may decline to exercise supplemental jurisdiction over a [state law claim] if . . . the district court has dismissed all claims over which it has original jurisdiction . . . ." Second, 28 U.S.C. § 1447(c) mandates that when a district court lacks subject matter jurisdiction altogether, the case must be remanded. That statute provides: "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."

B.     *The Exercise of Pendent Jurisdiction in the Absence of Federal Claims*

Decisions to remand under 28 U.S.C. § 1367(c) are reviewed for abuse of discretion. *See, e.g.*, *De Asencio v. Tyson Foods, Inc.*, 342 F.3d 301, 311 (3d Cir. 2003); *Pryzbowski v. U.S. Healthcare, Inc.*, 245 F.3d 266, 276 (3d Cir. 2001). Key Bank asserts that the District Court abused its discretion in remanding the Pittsburgh City Code claims instead of dismissing them outright. It contends that the Commission lacked standing to bring this action altogether and that the claims under the Pittsburgh City Code are preempted by federal law. For example, Key Bank submits that the Office of the Comptroller of the Currency has essentially exclusive power to ensure that national banks comply with applicable state and federal laws.  Key Bank also argues that it was required to collect the race-related data at issue under 12 C.F.R. § 203.4. Therefore, it concludes, a

5

remand is futile.

Pendent jurisdiction is a doctrine of discretion. *See, e.g.*, *De Asencio*, 342 F.3d at 308. In *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966), the Supreme Court noted that the discretionary exercise of pendent jurisdiction must depend on questions of judicial economy, convenience, and fairness to litigants. However, it stated that when federal claims are dismissed at an early stage, the exercise of pendent jurisdiction should be declined:

> Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law. Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well.

*Id.* (footnote omitted).

This Court has confirmed that "[t]he power of the court to exercise pendent jurisdiction, though largely unrestricted, requires, at a minimum, a federal claim of sufficient substance to confer subject matter jurisdiction on the court." *Tully v. Mott Supermarkets, Inc.*, 540 F.2d 187, 195 (3d Cir. 1976). In *Tully*, we stated that if it appears that all federal claims are subject to dismissal, the court should not exercise jurisdiction over remaining claims unless "extraordinary circumstances" exist. *Id.* We determined that "substantial time devoted to the case" and "expense incurred by the parties" did not constitute extraordinary circumstances. *Id.* at 196. We have reiterated this principle on several occasions. *See, e.g.*, *Hedges v. Musco*, 204 F.3d 109, 123 (3d Cir. 2000) ("'[W]here the claim over which the district court has original jurisdiction is dismissed

6

before trial, the district court must decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so.'") (citation omitted); *Shaffer v. Board of Sch. Directors of Albert Gallatin Area Sch. Dist.*, 730 F.2d 910, 912 (3d Cir. 1984) ("We have held that pendent jurisdiction should be declined where the federal claims are no longer viable, absent 'extraordinary circumstances.'") (citation omitted).

Key Bank has argued that the Commission's remaining claims under the Pittsburgh City Code are preempted by federal law. However, even that proposition cannot constitute "extraordinary circumstances" in light of *Tully*, especially at this relatively early stage in the litigation. Key Bank has not shown that the circumstances here warrant finding an exception to our general rule, given that there is no plausible reason why the Court of Common Pleas of Allegheny County cannot fairly and competently decide this issue. The caselaw is clear that when a district court has dismissed the claim or claims that gave it original jurisdiction, it should decline to hear pendent state claims, absent *extraordinary circumstances*. None have been sufficiently alleged.

Here, the Commission maintains that its remaining claims are viable. It argues that Key Bank's federal preemption arguments are "meritless." In support, it states that discrimination actions are not "visitorial acts" and can therefore be brought by a party other than the Office of the Comptroller of the Currency. This claim, regardless of its merit or lack thereof, can and should be resolved by the state court. Given that a remand

7

is preferable unless "extraordinary circumstances" are presented, we find no abuse of discretion here.[2]

In sum, we are satisfied that the District Court acted within its sound discretion in remanding this case to the Court of Common Pleas of Allegheny County. The Order of the District Court will therefore be affirmed.

---

[2]The Commission claims that the District Court was required to remand the case under 28 U.S.C. § 1447. *See Int'l Primate Prot. League v. Adm'rs of Tulane Educ. Fund*, 500 U.S. 72 (1991). It argues that the District Court did not have subject matter jurisdiction to hear the remaining Pittsburgh City Code claims because federal standing was lacking, and that § 1447 mandates that a federal court *must* remand state claims in such a situation. Because we believe that § 1367 authorizes the outcome we reach here, and that the District Court did not abuse its discretion in declining to exercise jurisdiction, we need not examine the Commission's more complex claim under § 1447(c) that the District Court was *required* to remand the case.