**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-3608
_____

ANDREW P. KALICK,

Appellant

v.

NORTHWEST AIRLINES CORP; NORTHWEST AIRLINES INC

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 1-08-cv-02972)
District Judge:  Honorable Jerome B. Simandle

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 22, 2010
Before: RENDELL, HARDIMAN and ALDISERT, Circuit Judges

(Opinion filed: March 29, 2010)
_____

OPINION
_____

PER CURIAM

Andrew P. Kalick appeals from the District Court's grant of summary judgment in

favor of Northwest Airlines (NWA) in his civil suit.  For the following reasons, we will

affirm the District Court's order.

## I.   Factual and Procedural History

Kalick's lawsuit arises from a decision by NWA to deny him boarding on a July 19, 2007 flight from Kansas City to Philadelphia. Kalick purchased tickets for the flight on the internet. When he arrived at the Kansas City airport, an NWA agent informed him that the flight was full. The agent advised Kalick that she had instead booked him on an American Airlines flight to Philadelphia with a layover in Dallas. For reasons that are unclear from the record, Kalick missed his connecting flight and had to stay in the Dallas airport overnight. American Airlines booked Kalick on a 6:40 a.m. flight on July 20, and he arrived in Philadelphia on that day.

Kalick filed a suit in the District Court alleging that NWA violated Department of Transportation regulations concerning compensation of passengers bumped from oversold flights. In addition, Kalick asserted state common law claims for breach of contract and fraud. Kalick requested compensatory and punitive damages totaling $163,000. NWA filed a motion for summary judgment, arguing that Kalick failed to adduce evidence sufficient to support his claims. The District Court ordered supplemental briefing to determine whether DOT regulations provide for a federal right of action and, if not, whether the court should exercise jurisdiction over Kalick's remaining state law claims. After both parties filed briefs, the District Court entered an order concluding that the DOT regulations do not create a private right of action. After dismissing Kalick's lone federal claim, the District Court considered whether Kalick's state law claims were

preempted by the Airline Deregulation Act of 1978 (ADA). Determining that any punitive damages claims based on Kalick's state claims were pre-empted and, therefore, that Kalick could not meet the $75,000 amount in controversy requirement for diversity jurisdiction, the District Court declined to exercise supplemental jurisdiction over Kalick's remaining state law claims. As a result, the District Court dismissed the case for lack of jurisdiction without prejudice to Kalick's right to litigate the contract and fraud claims in state court. Kalick filed a timely notice of appeal.

## II. Jurisdiction and Standard of Review

We have jurisdiction over the final orders of district courts under 28 U.S.C. § 1291. We exercise plenary review over the District Court's grant of Appellees' motion for summary judgment. See Monroe v. Beard, 536 F.3d 198, 206 (3d Cir. 2008). We apply the same standard in reviewing a motion for summary judgment as the District Court. Id. A motion for summary judgment should be granted only if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). We review the District Court's decision not to exercise supplemental jurisdiction for abuse of discretion. See Figueroa v. Buccaneer Hotel Inc., 188 F.3d 172, 175 (3d Cir. 1999).

## III. Discussion

### A. Federal Subject Matter Jurisdiction

Under 28 U.S.C. § 1331, Congress has given lower federal courts jurisdiction to

3

hear "only those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 27-28 (1983).

Kalick, in his amended complaint, asserted that NWA violated 14 C.F.R. § 250.9, by not providing him compensation after he was bumped from his flight. That regulation requires carriers to furnish bumped passengers with "a written statement explaining the terms, conditions, and limitations of denied boarding compensation, and describing the carriers' boarding priority rules and criteria." The District Court held that the regulation does not provide for a private right of action. We agree.

Whether a regulation confers a private right of action depends on whether the enabling statute creates a personal right or authorizes the regulating agency to do so. See Alexander v. Sandoval, 532 U.S. 275, 291 (2001) (regulation on its own cannot create a private right of action); Three Rivers Ctr. for Indep. Living v. Hous. Auth. of the City of Pittsburgh, 382 F.3d 412, 424 (3d Cir. 2004). We have previously held that the Federal Aviation Act, which the ADA amended, does not create a private right of action. See generally Polansky v. Trans World Airlines, Inc., 523 F.2d 332 (3d Cir. 1975); Wolf v. Trans World Airlines, Inc., 544 F.2d 134 (3d Cir. 1976). While this Court has not specifically addressed whether the consumer protection provisions of the ADA create a private right of action, every circuit which has addressed the issue has held that it does

not.  See Buck v. American Airlines, Inc., 476 F.3d 29, 34 (1st Cir. 2007) (collecting

cases).  We agree.  Section 250.9 does not create a private right of action.

Kalick argues that the District Court could still exercise subject matter jurisdiction

because the resolution of his state law contract and fraud claims necessarily involves the

interpretation of a federal regulation.  (Appellant's Br. at 21, citing Grable and Sons

Metal Prods., Inc. v. Darue Eng'g & Mfg., 545 U.S. 308 (2005)).  It is true that in Grable

& Sons, the Court reaffirmed its longstanding holding that, even absent a federal cause of

action, subject matter jurisdiction may lie where a state law claim implicates significant

federal issues.  Grable & Sons, 545 U.S. at 312.  One year later, the Supreme Court

emphasized that Grable & Sons exemplified a "slim category" of state-law claims which

involve "pure issues of law" and an application of those issues, which "sensibly belong[]

in a federal court."  Empire Healthchoice Assurance, Inc., v. McVeigh, 547 U.S. 677,

700-01 (2006).  Further, in Grable & Sons, "the dispute centered on the action of a federal

agency (IRS) and its compatibility with a federal statute, the question qualified as

'substantial,' and its resolution was both dispositive of the case and would be controlling

in numerous other cases."  Id. at 700.

Here, Kalick argues only that he could not have pleaded his state court claims

without the federal "question" in the complaint and, therefore, a federal law is at issue.

(Appellant's Br. at 22.)  We fail to see, however, how his contract dispute with NWA

implicates significant federal interests, or how the state court's interpretation of the

5

regulation, as it applies to the contract, would be dispositive and controlling in numerous other cases. Further, it does not appear from Kalick's complaint that the interpretation of the federal regulation is in dispute, only whether NWA abided by the regulations. Kalick cannot simply cite to a federal regulation that does not give rise to a private cause of action in order to satisfy federal subject matter jurisdiction. Empire Healthchoice, 547 U.S. at 701 (citing Grable & Sons, 545 U.S. at 313) (internal quotation marks omitted); see also Eastman v. Marine Mechanical Corp., 438 F.3d 544, 553 (6th Cir. 2006) (reference in complaint to federal statutes cited as a source of public policy does not create a substantial federal question). Therefore, we agree with the District Court that Kalick's complaint does not present a federal question under § 1331.

B.    Diversity Jurisdiction

After determining that it had no subject matter jurisdiction, the District Court determined that Kalick's punitive damages claims were preempted by the ADA and, therefore, he could not meet the amount in controversy requirement necessary for diversity jurisdiction. 28 U.S.C. § 1332. In a previous case, we have held that punitive damages under state tort law are not preempted by the ADA. See Taj Mahal Travel, Inc. v. Delta Airlines, Inc., 164 F.3d 186, 195 (3d Cir. 1998). We need not decide whether Taj Mahal is distinguishable from the instant case, however, inasmuch as we hold that even if Kalick were permitted under the ADA to recover punitive damages, he could not

6

meet section 1332's amount in controversy requirement.[1]

At all stages of the litigation, Kalick has the burden to prove that his case is properly before a federal court. See Samuel-Bassett v. KIA Motors America, Inc., 357 F.3d 392, 396 (3d Cir. 2004). In Samuel-Bassett, we held that where the relevant facts are not in dispute, a plaintiff must show by legal certainty that the amount in controversy exceeds the statutory minimum. Id. at 398. Where facts are in dispute, the plaintiff must show the same by a preponderance of the evidence. See Frederico v. Home Depot, 507 F.3d 188, 194 (3d Cir. 2007). Here, it is undisputed that Kalick was bumped from NWA's flight, that NWA offered him a voucher, that Kalick received a seat on a later American Airlines flight, Kalick had to remain in Dallas overnight, and that Kalick did not arrive in Philadelphia until the day after he was scheduled to arrive. (Appellees' Br. at 4.) Other facts, however, are in dispute; namely, whether NWA provided Kalick with the required information about the compensation he was entitled to under federal regulations. Inasmuch as there are disputed facts, Kalick must have shown by a preponderance, on the face of his complaint, that he could recover an amount exceeding $75,000. See, e.g., LM Ins. Corp v. Spaulding Enters. Inc., 533 F.3d 542, 551-52 (7th Cir. 2008) (figuring the constitutional limitation on punitive damages into the amount in controversy requirement).

In his pleading, Kalick demands $163,000 in damages based on NWA's alleged

---

[1] We may affirm the District Court's judgment on any basis supported by the record. See Nicini v. Morra, 212 F.3d 798, 805 (3d Cir. 2000) (en banc).

breach of contract and fraud. (Appellee's Supp. App. at 34.). Even a liberal construction of Kalick's pleadings does not lead to a conclusion that he is entitled to recover the necessary amount of damages. On the face of his complaint, Kalick's damages arise from his stay in the Dallas airport for one unanticipated night and his arrival in Philadelphia one day later than he planned. In his responses to NWA's interrogatories, Kalick indicated that his compensatory damages amounted to $1433.59 and his punitive damages were $161,600.[2] (Def.'s Summary Judgment Mot. Exh. D 32-33). Such a drastic ratio between punitive and compensatory damages (112 to 1) would almost certainly violate the constitution. See State Farm Mut. Auto. Ins. Co. v. Campbell, 538 U.S. 408, 425 (2003) ("[I]n practice, few awards exceeding single-digit ratio between punitive and compensatory damages, to a significant degree, will satisfy due process."). Even assuming that Kalick could recover twice the amount of compensatory damages he requests, or approximately $2900, his maximum punitive damages would leave him well short of the amount in controversy requirement. Therefore, we will affirm the District Court holding that it lacked federal subject matter jurisdiction over Kalick's state law claims.

C.      Supplemental Jurisdiction

Under 28 U.S.C. § 1367(c), "[t]he district courts may decline to exercise

---

[2] Kalick approximates his compensatory damages to include: "1) $233.59-original ticket refund, 2) $250-hotel not afforded 3) $150-food not afforded 4) $800 maximum statutory allowance for denied boarding compensation."

supplemental jurisdiction over a [state law] claim . . . if the district court has dismissed all claims over which it has original jurisdiction." Absent extraordinary circumstances, "jurisdiction [over claims based on state law] should be declined where the federal claims are no longer viable." Shaffer v. Bd. of Sch. Dirs. of Albert Gallatin Area Sch. Dist., 730 F.2d 910, 912 (3d Cir. 1984). As the parties have pointed to no exceptional circumstances favoring the exercise of supplemental jurisdiction, we find that the District Court did not abuse its discretion in dismissing the remainder of Kalick's state law claims.

## IV. Conclusion

For the foregoing reasons, we will affirm the District Court's order granting Appellees' motion for summary judgment.[3] Kalick's motion to substitute Delta Airlines as a defendant (appellee) is denied.

---

[3] We have considered Kalick's fraud on the court argument and find it to be without merit.