BLD-187                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-4686
_____

ONOFRIO POSITANO,
                                    Appellant

v.

PENNSYLVANIA CARDIOTHORACIC SURGERY, INC.;
MICHAEL D. HAROSTOCK, M.D. INDIVIDUALLY, ET AL.;
WILKES-BARRE GENERAL HOSPITAL, INDIVIDUALLY, ET AL.
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 1-13-cv-01521)
District Judge:  Honorable Sylvia H. Rambo
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
on April 30, 2015

Before:  AMBRO, JORDAN and KRAUSE, <u>Circuit</u> <u>Judges</u>

(Filed May 11, 2015)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Onofrio Positano appeals pro se from the judgment entered against him in a civil rights action. For the following reasons, we will summarily affirm.

I.

Positano is an inmate currently incarcerated at the State Correctional Facility at Mahanoy. In May 2013, he brought this action in District Court against the defendants, Wilkes-Barre General Hospital (WGBH), Pennsylvania Cardiothoracic Surgery, Inc. (PCS), and Dr. Michael Harstock, a PCS employee. Positano claimed that the defendants were deliberately indifferent to his medical needs concerning his quadruple bypass surgery, which Harstock performed at WGBH in June 2011. Positano's amended complaint raised both Eighth Amendment and state-law claims. Specifically, he claimed that substandard treatment and aftercare by Harstock resulted in complications and necessitated a second surgery to repair Positano's sternum. Additional surgery, he alleged, will be required to relieve his ongoing pain and other symptoms. He further claimed that he was not seen by Harstock for three or four months after he complained to a prison doctor on October 5, 2011, about severe chest pain and physical deformity around the surgical site.

In March 2014, the defendants filed motions to dismiss the amended complaint on several grounds, including Fed. R. Civ. P. 12(b)(6). On December 2, 2014, the District dismissed Positano's constitutional claims under Rule 12(b)(6) and declined to exercise

supplemental jurisdiction over Positano's state-law claims.[1]  Positano timely appealed.

He also filed an "argument in support of appeal" and requested counsel.

## II.

We have jurisdiction pursuant to 28 U.S.C. § 1291.  Our review of the District

Court's rulings is plenary except for the dismissal of the state-law claims, which we

review for abuse of discretion.  Markowitz v. Ne. Land Co., 906 F.2d 100, 103 (3d Cir.

1990).  Dismissal under Rule 12(b)(6) is appropriate where the pleader has not alleged

"sufficient factual matter, accepted as true, to state a claim that is plausible on its face."

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  We may summarily affirm if the appeal

does not present a substantial question.  Murray v. Bledsoe, 650 F.3d 246, 247 (3d

Cir.2011) (per curiam).

## III.

To state a viable Eighth Amendment claim, Positano needed to allege facts

plausibly suggesting that the defendants were deliberately indifferent to a serious medical

need.  See Estelle v. Gamble, 429 U.S. 97, 103-05 (1976).[2]  "To act with deliberate

---

[1] Positano had filed civil medical malpractice actions, based on essentially identical claims, in state court prior to bringing this action in the District Court.  The District Court noted, however, that Positano terminated his state court claims before the District Court issued its opinion.

[2] In their motions to dismiss, the defendants argued that Positano's claim could not survive both because he failed to state an Eighth Amendment claim and because they are not state actors.  Although the District Court did not rely on the latter ground for its decision, Positano argues on appeal that it improperly considered an affidavit by WGBH's Director of Patient Safety Services which was attached to WGBH's motion to

indifference to serious medical needs is to recklessly disregard a substantial risk of serious harm." Giles v. Kearney, 571 F.3d 318, 330 (3d Cir. 2009). In order to be liable for deliberate indifference, a defendant "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 837 (1994). A plaintiff may show deliberate indifference by establishing that the defendants "intentionally den[ied] or delay[ed] access to medical care." Estelle, 429 U.S. at 104-05. However, "[w]here a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." United States ex rel. Walker v. Fayette County, 599 F.2d 573, 575 n.2 (3d Cir. 1979) (internal quotations and citation omitted).

Here, Positano has not alleged any facts to support a finding that the defendants had cause to know of any serious medical condition beyond that for which he was already

dismiss. Courts may consider "undisputedly authentic document[s] that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the attached document." Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993). Here, the affidavit expressly denied a contractual relationship between the prison and WGBH, an essential element of demonstrating § 1983 liability. The District Court was therefore correct to consider the document. In any event, the District Court's opinion explicitly stated that it did not rely on whether the defendants were state actors due in part to Positano's claim that he possessed copies of contracts between the defendants and the prison. Positano did not submit the contracts to the District Court, but he stated that he would supply them *in camera* if required. Given the possible dispute over whether the defendants have a contractual relationship with the

receiving treatment.  See Farmer, 511 U.S. at 835.  Positano has not claimed that Harstock, PCS, or WGBH were involved in the events of October 5, 2011, or that they knew he was experiencing pain at that time.  See Farmer, 511 at 837.  Instead, Positano's own complaint suggested that Harstock first learned of Positano's condition during the follow-up exam.  After that exam, Harstock scheduled another appointment in six months, while instructing Positano to alert him if the pain worsened in the meantime.  After the second appointment, Harstock performed another surgery to repair Positano's sternum.  At no point did Positano allege that his pain increased in between his first and second appointments or that he made any requests for interim treatment.  In fact, Positano stated that he remained under Harstock's care for his continuing pain and would likely undergo a third surgery to relieve his symptoms.  Given all this, we agree with the District Court that Positano did not plausibly allege that any of the named defendants intentionally delayed or denied his medical care.  See Estelle, 429 U.S. at 104-05.

Furthermore, we note, malpractice does not establish deliberate indifference for Eighth Amendment purposes.  See id., 429 U.S. at 104-06.  Positano's own pleadings indicated that Harstock provided him with a level of medical care sufficient to defeat an Eighth Amendment claim.  See United States ex rel. Walker, 599 F.2d at 575 n.2.  Because he repeatedly challenges the quality of care that he received, Positano's claims sound instead in negligence or malpractice.  See Rouse v. Plantier, 182 F.3d 192, 197 (3d

prison, the District Court decided the action – as we do – based on Positano's failure to state a claim under Fed. R. Civ. P. 12(b)(6).

5

Cir. 1999). "[M]ere disagreement as to the proper medical treatment" is insufficient to

state a constitutional violation. Spruill v. Gillis, 372 F.3d 218, 235 (3d Cir. 2004)

(internal citations and quotations omitted). For these reasons, we agree with the District

Court that Positano did not state a viable Eighth Amendment claim.[3]

IV.

For the reasons given, we will summarily affirm the judgment of the District

Court.[4] Positano's motion for the appointment of counsel is denied.

---

[3] Regarding Positano's state-law tort claims, we note that, absent extraordinary circumstances, "[t]he district courts may decline to exercise supplemental jurisdiction over a [state law] claim . . . if the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c); see also Shaffer v. Bd. of Sch. Dirs. of Albert Gallatin Area Sch. Dist., 730 F.2d 910, 912 (3d Cir. 1984). As Positano has not claimed any exceptional circumstances warranting supplemental jurisdiction, we conclude that the District Court did not abuse its discretion in dismissing these claims.

[4] In response to Positano's request, the District Court gave him an opportunity to amend his original complaint. See Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002). The amended complaint did not correct the deficiencies identified by the District Court. In these circumstances, we conclude that the District Court need not have extended further leave to amend. See Hill v. City of Scranton, 411 F.3d 118, 134 (3d Cir. 2005).