NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-3212
_____

THOMAS J. GRECO,
                              Appellant

v.

MICHAEL SENCHAK, a/k/a John Senchak;
NORTHEAST REVENUE SERVICES, LLC;
JOHN RODGERS; SEAN SHEMANY;
LUZERNE COUNTY, d/b/a Luzerne County Tax Claim Office;
POINT AND PAY, LLC, a/k/a Vesta ISO LLC;
RBA PROFESSIONAL DATA SYSTEMS, INC.

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(District Court Civil No. 3-12-cv-02576)
District Judge:  Honorable Malachy E. Mannion

Submitted Under Third Circuit LAR 34.1(a)
May 22, 2015

BEFORE:  FUENTES, GREENAWAY, JR., and NYGAARD, *Circuit Judges*

(Filed: September 23, 2015)
_____

OPINION[*]
_____

NYGAARD, *Circuit Judge.*

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

*Introduction*

The District Court dismissed Appellant Thomas Greco's Equal Protection claims, declined to exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367(c)(3), and dismissed Greco's state law claims without prejudice to them being re-filed in state court. Arguing he had satisfactorily set out an Equal Protection claim, and that the District Court erred in various other aspects, Greco appealed. We will affirm.

*Factual Background*

Inasmuch as this opinion lacks any precedential value, we will briefly summarize the factual background to this dispute. The August 12, 2010 edition of the Wilkes-Barre *Times Leader* reported that six electronic payments Greco had made to cover delinquent property taxes he owed to Luzerne County had bounced. This was news to Greco because he never made these payments. Greco informed the credit agency handling the delinquencies, Northeast Revenue Services (NRS), and its manager in charge of Luzerne County collections, Sean Shamany, that he did not make or authorize the payments. He also informed Shamany that the United States Secret Service was investigating the matter at Greco's behest. Shamany assured Greco that all payments were verified and that if there was any error Point and Pay, LLC, the entity handling the online tax collection system, would be responsible. Shamany further indicated that NRS would conduct an investigation.

Shortly after his meeting with Shamany, Greco received a letter from John Rodgers, president of NRS. Rodgers notified Greco of the defaulted payments and

threatened criminal charges if Greco did not satisfy the property tax debt. Greco then met with agents of the Secret Service. An investigation by the Secret Service uncovered that Michael Senchak, Appellee, had submitted payments without Greco's knowledge or authorization. The Secret Service froze the county tax records as well as those of the collection agency. The United States Attorney's office additionally confirmed that Greco was not responsible for the bounced checks and Greco advised the *Times Leader* of these developments in April of 2011. Even though they had been made aware of the results of the investigation, NRS continued to post incorrect delinquent property tax notices for Greco's properties.

*Procedural Background*

Greco originally filed suit in state court against Senchak,[1] NRS, its agents, Shamany and Rodgers, Point and Pay and Luzerne County. He charged NRS and its agents with violating his rights under the Equal Protection Clause of the Fourteenth Amendment. Greco also alleged various state law claims including tortious misfeasance and malfeasance. Greco's lawsuit was removed to federal district court and the Appellees filed motions to dismiss. The District Court granted the motions to dismiss Greco's Equal Protection claims, but allowed him an opportunity to amend. It also dismissed the municipal liability claim against Luzerne County, with prejudice. The state law claims of tortious malfeasance and misfeasance were not dismissed, although the District Court indicated it would construe them as negligence claims. Finally, negligence claims against

---

[1] Michael Senchek never answered Greco's complaint nor participated in any way with the lawsuit.

NRS were dismissed as time-barred, with the exception of claims which arose from the publication of Greco's personal financial status and the publication of incorrect tax delinquency notices.

Greco filed an amended complaint, raising five counts. Count I charged fraud against Michael Senchak. Count II brought negligence claims against NRS, Point and Pay, and RBA Professional Data Systems, Inc., an independent contractor for NRS and/or Luzerne County and/or Point and Pay. Tortious malfeasance and misfeasance claims were charged against NRS, Shamany and Rodgers in Count III. Count IV raised an Equal Protection claim based on a "class of one" theory against Luzerne County, NRS, Rodgers, and Shamany which the District Court again dismissed. Lastly, Count V raised an Equal Protection claim based on selective enforcement.

The District Court began its analysis with the Equal Protection counts and again dismissed those claims. Having dismissed the federal claims, the District Court declined to exercise supplemental jurisdiction over Greco's state law claims. It dismissed those claims without prejudice to them being re-filed in state court. Greco now appeals the dismissal of his Equal Protection claims as well as the District Court's decision not to exercise its supplemental jurisdiction over his state law claims. He also appeals the dismissal of the municipal liability claim against Luzerne County as well as the District Court's decision that the negligence claims violated the statute of limitations. Finding no error in the District Court's handling of this case, we will affirm.

*Jurisdiction and Standards of Review*

4

We have jurisdiction pursuant to 28 U.S.C. § 1291 and exercise a plenary standard of review. *See Connelly v. Steel Valley Sch. Dist.*, 706 F.3d 209, 212 (3d Cir. 2013). To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to state a facially plausible claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

*The Equal Protection Claims*

We begin with the constitutional claims and quickly conclude that the District Court properly dismissed Greco's Equal Protection claims. Greco has not claimed to be a member of a protected class. Therefore, his claim must be premised on a "class-of-one" theory. *See Engquist v. Or. Dep't of Agric.*, 553 U.S. 591, 601 (2008). To make out such a claim, Greco needs to allege that: (1) the defendant treated him differently from others similarly situated, (2) the defendant did so intentionally, and (3) there was no rational basis for the difference in treatment. *Hill v. Borough of Kutztown*, 455 F.3d 225, 239 (3d Cir. 2006). Pleading a plausible allegation of intentional discrimination is vital because such action is required for any violation of the Equal Protection Clause. *See, e.g., Washington v. Davis*, 426 U.S. 229, 239-40 (1976); *Wayte v. United States*, 470 U.S. 598, 610 (1985) ("[D]iscriminatory purpose" can be shown by demonstrating that "the decisionmaker . . . selected or reaffirmed a particular course of action at least in part

5

'because of,' not merely 'in spite of,' its adverse effects . . . .") (quoting Pers. Adm'r of Mass. v. Feeney, 442 U.S. 256, 279 (1979)).

The District Court previously ruled that while Greco had sufficiently alleged that he was treated differently and that there was no rational basis for this difference in treatment, he had not set out sufficient allegations of intentional treatment. The District Court gave Greco another opportunity to re-plead intentional discrimination, but determined that Greco had failed to do so and again dismissed Greco's claims. We agree with that dismissal. Greco has not alleged that he was intentionally discriminated against by the Appellees. Intentional discrimination requires more than allegations of "unequal treatment or adverse effect." *Jewish Home of E. Pa. v. Ctrs. for Medicare & Medicaid Servs.*, 693 F.3d 359, 363 (3d Cir. 2012). The amended complaint alleges the Appellees 1) failed to make a "proper inquiry" into the unauthorized electronic payments, and 2) informed the local newspaper that the payments had bounced. Crucially, these averments are insufficient to raise a claim of intentional discrimination. *See e.g., PG Publ'g. Co. v. Aichele*, 705 F.3d 91, 115 (3d Cir. 2013).

Apparently unable to plead any specific instances of intentional discrimination (given that he was afforded opportunities to do so by the District Court), Greco tries to save his claims by pleading that the Appellees' communication with the newspaper was premised on the financial interest the Appellees have in collecting taxes and the adversarial nature of the relationship between himself and Luzerne County and its tax claim bureau. Even were we to stretch these claims to the breaking point, they raise only an inference of discrimination or unjust treatment, not actual instances of intentional

6

discrimination.  Simply put, Greco has failed to allege a specific intent to discriminate by the parties he seeks to hold liable.  The District Court, therefore, correctly dismissed this claim.

*Selective Enforcement*

Greco also claimed an Equal Protection violation via selective enforcement.  Such a claim must plausibly allege that a facially valid law was discriminatorily enforced.  *Hill v. City of Scranton*, 411 F.3d 118, 125 (3d Cir. 2005).  Greco's amended complaint alleges only that "[Appellees] selectively and discriminatorily enforced the facially valid law(s) for the collection of Luzerne County's property real estate taxes."  This allegation, however, is far too vague in that it fails to identify the specific law or laws Greco believes were selectively enforced against him.  *See Yick Wo v. Hopkins*, 118 U.S. 356, 373 (1886); *Holder v. City of Allentown*, 987 F.2d 188, 197 (3d Cir. 1993).  The District Court, therefore, did not err by dismissing the selective enforcement claim.[2]

*Remaining State Law Claims*

Having dismissed the federal Equal Protection claims, the District Court declined to exercise supplemental jurisdiction over Greco's remaining state law claims.  *See* 28 U.S.C. § 1367(c)(3).  The supplemental-jurisdiction statute provides that the district court "may decline to exercise supplemental jurisdiction" over state law claims if the court

---

[2] Municipal liability under § 1983 must be based on the "execution of a government's policy or custom" that actually results in a constitutional violation.  *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 694–95 (1978).  Because we conclude that Greco has not alleged facts showing a constitutional "violation in the first place, there can be no derivative municipal claim."  *Mulholland v. Gov't Cty. of Berks, Pa.*, 706 F.3d 227, 238 n.15 (3d Cir. 2013).  Therefore, Greco's *Monell* claim cannot survive dismissal.

"has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Because that choice is committed to the District Court's judgment, we review only for an abuse of discretion. *Trinity Indus., Inc. v. Chi. Bridge & Iron Co.,* 735 F.3d 131, 135 (3d Cir. 2013). Here, once the District Court dismissed Greco's federal Equal Protection claims, the prerequisites for § 1367(c)(3) were met. Put another way, because the District Court dismissed all claims over which it had original jurisdiction, it had the authority to decline to exercise supplemental jurisdiction. We have held that, "absent extraordinary circumstances," "jurisdiction [over claims based on state law] should be declined where the federal claims are no longer viable." *Shaffer v. Bd. of Sch. Dirs. of Albert Gallatin Area Sch. Dist.*, 730 F.2d 910, 912 (3d Cir. 1984). Here, neither Appellant nor any of the Appellees have pointed to any exceptional circumstances favoring the exercise of supplemental jurisdiction. We find, therefore, that the District Court did not abuse its discretion in dismissing the remainder of Greco's state law claims and we, therefore, will not review them on appeal.

## *Conclusion*

The District Court did not err in dismissing Greco's amended complaint and we will affirm its decision.